Larue Quick et al., Respondents, v. Town of Owego, Appellant.

Third Department, July 27, 1960.

*Lewis B. Parmerton* and *H. Edwin Mountford* for appellant.

*Travis & Whiting* for respondents.

Bergan, P. J. A zoning ordinance of the appellant Town of Owego has been declared invalid by the court at Special Term on the ground that the map which implements the ordinance was not " entered " in the minute book of the Town Board in pursuance of section 264 of the Town Law.

The words of the statute (Town Law, § 264) which underlie the controversy are these: " Every zoning ordinance * * * (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the town board ".

It will be noted that the main thrust of the legislative mandate is to require the entry of the ordinance itself " in the minutes

of the town board ''. The words '' including any map incorporated therein '' are parenthetical and additional; and if it would not be reasonable to expect that a map would be '' entered '' in a minute book in the same way that the words of an ordinance or resolution would be entered, a reference to the map in the entry would be a sufficient compliance with the purpose and intent of the statute in this respect.

The official map, as adopted, was 7 by 4 feet in size; it is difficult to see how it could be put into an ordinary minute book; and, indeed, it is not easy to understand how any map could be '' entered '' in any minute book in the sense in which entry in minutes is usually understood; or was intended by the Legislature. We thus reach a result which differs from the court at Special Term. We think the zoning ordinance is valid.

In the usual law sense, as well as by dictionary definition, '' entry '' in a minute book means to make a written note of a transaction or event. The dictionary's evaluation of the word meaning is that it is '' to inscribe, enroll; record '' (Webster, Collegiate Dictionary [5th ed.]). All this suggests writing something down in words.

The Legislature could not, therefore, have meant in its parenthetical reference that maps of whatever size or material had to be physically glued into the minute book; or that if the board and its clerk made other practical arrangements for keeping the map safe in a public place for public reference, the whole ordinance would be deemed invalid. The Owego ordinance itself adopted the zoning map and reference to this is made in the minutes which reflect the whole text of the ordinance.

The affidavit of the Town Clerk shows clearly why the map was not placed in the minute book. He said: '' First, it was so large that its size practically prohibited affixing it to the minutes. Secondly, a physical affixing to the minutes would require folding of the map and   *   *   * might well result in displacement of the plastic like designs '' on the map '' denoting '' specific zoned districts '' as defined by the Zoning Ordinance ''.

The map was placed on public display in the clerk's office; it was fully accessible; anyone reading the ordinance in the town minutes would look for it in the clerk's office and would find it. The conjectured and abstract difficulty in looking for the map after having read the ordinance, which plaintiffs urge upon us, seems a chimerical difficulty, but not a real one.

The ordinance itself, '' entered '' in the minutes as the statute says it must be, states that the board adopted and enacted the '' Zoning map, Town of Owego '' which would take effect the '' tenth day after publication and posting thereof as required

by the Town Law ''. The zoning ordinance (§ 301), referring to the map, stated that it was '' certified by the Town Clerk ''.

There was due and proper publication of the ordinance in a newspaper in May, 1956. Publication of the map in a newspaper is not required by statute. The certificate of the Town Clerk accompanying the publication of the ordinance is entered in the minute book. The map was duly posted in the clerk's office as part of the process of publication. It was too large for the clerk's bulletin board; but, during the process of publication, it was displayed on an easel immediately adjoining and the ordinance was on the bulletin board.

Thus, if plaintiffs were relying, in the first place, on the publication of the ordinance in May, 1956 and the map, to be advised of their scope and operation, they would have had no difficulty either in finding and reading the ordinance or in finding or examining the very large map on public display in the proper office and at the time required by statute.

Nor would there be any conceivable difficulty in finding the map on their later (Oct. 7, 1959) examination of the clerk's records. The minutes showed a reference to the map; the ordinance referred to it and stated in very explicit language that it was '' certified by the town clerk ''.

The necessary effect of reading these words is to know that the Town Clerk had the original to certify; the statute (Town Law, § 30) provides he is the custodian of all records, books, and papers of the town; if the plaintiffs had looked up from the minute book they would have seen on the wall of the clerk's office the 7 by 4 foot zoning map.

The references to the map by both ordinance and resolution in our view constitute a sufficient '' entry '' in the minutes to meet the statute. The cases cited by plaintiffs do not require us to hold the zoning ordinance invalid. It is a '' departure in substance '' from the formula prescribed by law that results in judicial interdiction of such an ordinance (*Merritt* v. *Village of Portchester*, 71 N. Y. 309, 312). The proceedings considered in *Village of Williston Park* v. *Israel* (301 N. Y. 713) in a number of respects, including publication, failed to follow the appropriate statute and the case is not analogous to the one before us. (Cf. *Village of Northport* v. *Walsh*, 265 N. Y. 458.)

The judgment should be reversed, on the law and the facts and judgment directed for defendant, with costs.

REYNOLDS, J. (dissenting). The Special Term correctly granted summary judgment in this action for a judgment declaring the defendant's zoning ordinance null and void. This action

was in accordance with the applicable statutes and decisional law. In 1956 the appellant, the Town Board of the Town of Owego decided to enact a zoning ordinance. A public hearing was held and thereafter on May 22, 1956, the Town Board passed a resolution adopting the proposed zoning ordinance and zoning map.

The ordinance was then published in the *Owego Times* and entered in the minutes of the Town Board but the map itself was not so entered nor was any reference made in the ordinance as to where the map could be found. The ordinance was posted on the Town Clerk's bulletin board and the map was placed on an easel in the Town Clerk's office. In 1959 the respondents purchased certain property in the Town of Owego which they wish to convert from a residential to a commercial use under the above ordinance. The respondents made application to the Planning Board and the Town Board of the appellant requesting that the property be rezoned for business use. The respondents then instituted this action for a declaratory judgment declaring the zoning ordinance to be null and void for failure to comply with the provisions of section 264 of the Town Law in that the zoning map was not entered in the minutes of the Town Board, among other assigned reasons.

The appellant's answer denies that it failed to follow the Town Law and enabling statutes, although on the argument and in their brief their position is that what they did was " just as good " as what was demanded of them by the enabling statutes. They take the position that when the Legislature in section 264 of the Town Law provided for the entry of the ordinance *including the map* in the minute book, they really did not mean actual entry, and some other substitute was " just as good ". (This in substance is the position taken in the majority opinion.) Appellant's answer further stated that the respondents were estopped from attacking the validity of the ordinance since they affirmed its validity by making an application to change it and since they purchased the property with knowledge of the ordinance.

Section 264 of the Town Law provides: " Every zoning ordinance * * * (including any map incorporated therein) adopted pursuant to the provisions of this chapter shall be entered in the minutes of the town board ".

Special Term held this provision mandatory and annulled the ordinance on the undisputed showing that the *map* had not been entered in the minutes of the Town Board. It noted that while the ordinance was entered in the minutes, there was no reference in the ordinance or the minute book as to *where* the map was filed or could be located. Additionally, it commented.

there was a failure to describe in the text of the ordinance the use districts attempted to be created.

The procedures outlined in enabling statutes must be meticulously adhered to.

In *Matter of 440 E. 102nd St. Corp.* v. *Murdock* (285 N. Y. 298, 304), it was said: "Zoning laws which curtail and limit uses of property confer no privilege upon property owners. Even though in case of necessity such laws are properly within the exercise of the police power, the whole and each and every of the parts must be given a strict construction since they are in derogation of common-law rights (*People ex rel. Ortenburg* v. *Bales*, 224 App. Div. 87; affd., 250 N. Y. 598; *Matter of Multiplex Garages, Inc.* v. *Walsh*, 241 N. Y. 527; *Wood* v. *Tunnicliff*, 74 N. Y. 38, 43; *Woollcott* v. *Schubert*, 217 N. Y. 212, 220). The provisions of the resolution may not be extended by implication (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339)."

The Court of Appeals in *Merritt* v. *Village of Portchester* (71 N. Y. 309) construed an "assessment" made under the village charter against real property under Legislature delegated power. The commissioners failed to take an oath to "faithfully and fairly discharge the duties" but each did take an oath to perform his duties "to the best of his ability."

The Court of Appeals held the proceedings void based on the defective oath saying (pp. 311–312): "It is a statutory proceeding, affecting the property of the citizen, and by which it may be taken from him; and, therefore, within well-established rules of law, the statute must be strictly pursued, and any departure, in substance, from the formula prescribed by law vitiates the proceedings. The party whose property is to be reached may insist upon the observance of every form prescribed by statute which will in the least tend to his protection. In other words, the form must be strictly followed."

The Legislature of the State of New York in 1952 (L. 1952, ch. 623) brought the prerequisites of a valid zoning ordinance under Village Law (§ 178) into harmony with the Town Law so that as to ordinances thereafter enacted, whether under the Village Law or the Town Law, the following procedural steps, irrespective of the general law involved, had to be fulfilled, to wit:

(1) Every zoning ordinance and every amendment thereto (including any map incorporated therein) adopted by such a municipality must be entered in the minutes of the Town Board (or Village Board),

(2) A copy thereof (exclusive of any map incorporated therein) must be published,

(3) A copy of such ordinance, together with a copy of any map incorporated therein, must be posted, and

(4) Proof of the posting and publication made in accordance with the respective statute.

The difficulty with appellant's position is that they failed to give heed to the obvious intention of the Legislature, that by its entry in the minute book, the map would be permanent, and available for future use. A smaller reproduction of any such map could be made, which adequately disposes of any force to the argument that this particular map was too large for the minute book.

In *Village of Williston Park* v. *Israel* (191 Misc. 6, affd. 276 App. Div. 968, affd. 301 N. Y. 713), the Reporter's notes in (301 N. Y. 714) state: '' It was not stated in the ordinance that the map was on file with the village clerk, nor did the resolution purporting to enact the ordinance designate the boundaries of the four zones by its terms. The map was not attached to the ordinance, but a copy of the ordinance was posted by the village clerk. Special Term ruled that: ' By reason of the failure to publish the map, to post the map, to include the map in the ordinance as published or to set forth that such map was on file in the office of the village clerk, and by reason of the failure of the ordinance to otherwise describe in the text of the ordinance the use districts attempted to be created, the ordinance is null and void.' ''

Judge VAN VOORHIS in discussing the *Williston Park* case in *Matter of Foy* v. *Schechter* (1 N Y 2d 604, 613), laid emphasis on the fact that the void ordinance failed to set forth that the map was on file in the office of the Village Clerk.

The *Williston Park* case involved section 95 of the Village Law as it stood in 1927. This section did not specifically require, as does section 264 of the Town Law, that the map incorporated in the ordinance be entered in the Town Board's minutes. Nevertheless, the court reasoned that the map was an integral part of the ordinance in that case, since the map was declared '' to form a part of '' the ordinance. In the present case, the language of section 264 of the Town Law requires the zoning ordinance and any map incorporated therein to be entered in the minutes of the Town Board. That the foregoing means what it says is emphasized by the exclusion of the map from the publication requirement of the ordinance and by the reference to the posting on the Town Clerk's signboard of a '' copy '' of any map incorporated in the ordinance.

The appellant further contends that plaintiffs are estopped from contesting the validity of the ordinance because (1) having

made applications to the Planning Board and Town Board for their property to be rezoned for business use, which recognized the validity of the ordinance, they are precluded from attacking its validity, and (2) they purchased the property three years after the adoption of the ordinance with full knowledge of its restrictions.

Plaintiffs are not estopped for having brought a proceeding for a variance or for a rezoning of their property. In *Matter of Diocese of Rochester* v. *Planning Bd. of Town of Brighton* (1 N Y 2d 508, 519–520) the rule is set forth as follows: "It is a general rule that a party cannot, *in the same proceeding,* rely upon a statute or retain benefits thereunder and attack its constitutionality (*Fahey* v. *Mallonee,* 332 U. S. 245; *Buck* v. *Kuykendall,* 267 U. S. 307; *Sheperd* v. *Mount Vernon Trust Co.,* 269 N. Y. 234). The proper way to raise the constitutional question is by way of a separate action or proceeding (*Baddour* v. *City of Long Beach,* 279 N. Y. 167, motion for reargument denied 279 N. Y. 794, appeal dismissed 308 U. S. 503; *Matter of Romig* v. *Weld,* 276 App. Div. 514, 517)". (Emphasis supplied.)

In *Baddour* v. *City of Long Beach* (279 N. Y. 167, 177) it was said: "A test of the constitutionality of the ordinance is not barred by the proceedings authorized by the zoning laws."

Finally, a purchase of property with knowledge of the zoning restriction, does not preclude an attack on its validity. (*Vernon Park Realty* v. *City of Mount Vernon,* 307 N. Y. 493, 500–501; *Plymouth Bldrs.* v. *Village of Lindenhurst,* 284 App. Div. 895; cf. *Village of Williston Park* v. *Israel,* 301 N. Y. 714, *supra.*) In the *Vernon Park Realty* case, the court said (p. 500): "Purchase of property with knowledge of the restriction does not bar the purchaser from testing the validity of the zoning ordinance since the zoning ordinance in the very nature of things has reference to land rather than to owner (Basset on Zoning, p. 177). Knowledge of the owner cannot validate an otherwise invalid ordinance."

The judgment should be affirmed.

Coon and Gibson, JJ., concur with Bergan, P. J.; Reynolds, J., dissents, in an opinion, in which Herlihy, J., concurs.

Judgment reversed, on the law and facts, and judgment directed for the defendant, with costs.