■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIVERA, Appellant. — Appeal by defendant, as limited by his motion, from a sentence of the Supreme Court, Queens County (Brennan, J.), imposed August 5, 1982, upon his conviction of attempted robbery in the second degree, on a plea of guilty, the sentence being a definite term of one-year imprisonment and a $75 penalty assessment to be paid within 30 days, or, in the alternative, an additional term of 60 days' imprisonment. Matter remitted to the Supreme Court, Queens County, for a determination with respect to resentence in accordance with CPL 420.10 (subd 4), and appeal held in abeyance in the interim. Criminal Term shall file its report with all convenient speed. Based

on defendant's plea of guilty to the crime of attempted robbery in the second degree, the court imposed a definite sentence of one-year imprisonment and, pursuant to section 60.35 of the Penal Law, further imposed a $75 penalty assessment to be paid within 30 days of sentence, or in the alternative, an additional term of 60 days' imprisonment. Immediately subsequent to the court's imposition of the sentence, counsel for the defendant requested that defendant be allowed additional time within which to pay the penalty assessment, on the basis that the defendant was indigent and since he would be imprisoned, would be unable to earn the funds necessary to pay the penalty during the 30-day grace period. Without making further inquiry as to defendant's claim of indigency, the sentencing court denied the request upon the erroneous ground that defendant's family, although having no legal obligation to do so, could pay the penalty assessment. Further, the court failed to notify defendant, pursuant to CPL 420.10 (subd 4), that an application could be made at any time for resentence in the event that defendant was unable to pay the penalty assessment (see CPL 420.10, subd 2). Where a defendant is convicted of a felony, it is now mandatory for the court to impose a $75 penalty assessment (Penal Law, § 60.35, subd 1, par [a]). However, since the provisions of CPL 420.10 are applicable to penalty assessments (see CPL 420.35), the sentencing court also has authority to direct that defendant pay the entire amount of the penalty assessment at a later date (see CPL 420.10, subd 1, par [b]), and to further provide for the imposition of an additional period of incarceration, not to exceed one year, in the event that the penalty assessment is not paid in accordance with the direction of the court (see CPL 420.10, subds 2, 3, par [a]). Nevertheless, under the circumstances of this case, it was not a proper exercise of discretion for the sentencing court to summarily deny defendant's request for additional time to pay the penalty assessment. Therefore, in the exercise of our discretion in the interest of justice, the defendant's request will be construed as an application for resentence pursuant to CPL 420.10 (subd 4). Accordingly, this appeal is held in abeyance and the matter is remitted to the sentencing court for determination of defendant's application for resentence in accordance with CPL 420.10 (subd 4). In view of our remittal, we have not as yet considered defendant's contention that section 60.35 of the Penal Law is unconstitutional because it violates his right to equal protection of the law. Bracken, J. P., Brown, Rubin and Boyers, JJ., concur.