■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES J. CONWAY, Appellant. — Appeal from a judgment of the County Court of Saratoga County (Brown, J.), rendered October 26, 1982, upon a verdict convicting defendant of two counts of the crime of operating a motor vehicle while under the influence of alcohol. At trial, the People established that defendant's arrest occurred at about 9:00 P.M. on the evening of November 13, 1981 when the arresting trooper, responding to an accident report, came upon defendant approximately 500 feet from a car which was stopped perpendicular

to and extending into the roadway; that no one else was in sight; that the officer observed that defendant's breath smelled strongly of alcohol and that his disheveled appearance suggested drunkenness; that, when questioned, defendant acknowledged he had been driving the stopped car whereupon he was arrested and transported to the trooper barracks where a breathalyzer test was administered and the test indicated a blood alcohol content of .21%. The defense consisted primarily of defendant's wife's testimony that she was the one who drove the car to its location where it was discovered by the trooper and, further, that she had abandoned it and her admittedly intoxicated husband when the car, which had skidded off the road, would not start. The essence of defendant's appeal is that he was afforded ineffective assistance by his counsel. We affirm. Counsel's failure to move to dismiss the indictment because of lack of notice pursuant to CPL 190.50 did not render his representation incompetent, for notice is required only when a defendant has been arraigned in a local criminal court upon a currently undisposed of felony complaint. The charge against defendant in the local criminal court was a misdemeanor charge and thus defendant was not entitled to notice pursuant to CPL 190.50 (subd 5, par [a]). Nor does counsel's failure to seek pretrial discovery concerning the breathalyzer's operation serve to constitute ineffective representation. No impropriety in its operation is suggested in defendant's brief on this appeal and none is indicated in the record. Furthermore, since the trooper administering the test was certified by the Department of Health, that is presumptive evidence that the test was properly given (Vehicle and Traffic Law, § 1194, subd 9). The representation furnished to defendant at the suppression hearing was not unskillful. All areas relevant to the issues were probed. Furthermore, the suggestion that defendant was somehow prejudiced because a transcript of the suppression hearing was not available for use at trial is not borne out by the record. During the trial, in an attempt to impeach the trooper's testimony by showing bias, defense counsel on cross-examination elicited that the trooper had previously arrested this defendant for driving while intoxicated. An objection to this line of questioning as irrelevant was sustained before counsel was able to bring defendant's acquittal to the jury's attention. While there is merit to the contention that an offer of proof regarding the prior arrest should have first been made, the swiftness with which the court admonished the jury not to consider any testimony regarding the prior arrest undoubtedly dissipated any adverse inference the jury may have drawn from counsel's questioning. Moreover, although in retrospect the failure to seek an earlier ruling by the trial court was a poor strategic decision, it does not amount to ineffective assistance of counsel. It is apparent from this record that meaningful representation was indeed provided (People v Baldi, 54 NY2d 137, 147). Defense counsel obviously had reviewed and prepared both the law and the facts relevant to the defense and he employed at trial basic principles of criminal law and procedure (People v Droz, 39 NY2d 457, 462). He conducted a voir dire, made timely and proper motions, requested and conducted a competent suppression hearing and adequately conducted the defense at trial, making opening and closing statements, examining and cross-examining witnesses and proffering relevant objections. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Casey and Yesawich, Jr., JJ., concur.