## (May 17, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WARREN LANE, Appellant. — Appeals (1) from a judgment of the County Court of Albany County (Clyne, J.), rendered January 7, 1982, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree, and (2) by permission, from an order of said court, entered September 30, 1982, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment, without a hearing. ¶ At about 5:00 P.M. on August 16, 1981, defendant took Patricia Briggs (whom he had known less than a week) to dinner at the Barnsider Restaurant in the Town of Colonie, Albany County. After dinner they returned to Briggs' apartment where defendant gained entry in order to call his "Uncle Bill" to borrow a car to take Briggs to a movie. His telephone call, however, was unanswered. Defendant then grabbed Briggs, twisted her arm, threw her to the floor, threatened to kill her if she screamed, and, after locking the door, held a knife to her throat and ordered her to undress with him in the bathroom. He then raped and sodomized her in the bedroom. When the phone rang or a knock was made on the door, she was ordered at knife point not to answer. ¶ After defendant fell asleep, Briggs struck him with a stereo speaker and stabbed him in the side with the knife, which Briggs took from between the bed mattresses where defendant had placed it. A struggle ensued at the time of the stabbing, and defendant regained control of the knife and ordered Briggs to telephone his "Uncle Bill", inform him of the stabbing and request "Uncle Bill" to go next door and "get

Mary", defendant's wife. Defendant wrote down his name and address and gave it to Briggs and pleaded with her not to tell the police. Defendant left Briggs' apartment at 4:30 A.M., and she immediately telephoned her neighbor and requested that the neighbor come to the apartment because she had just been raped. ¶ When defendant's wife learned that defendant had been stabbed at Briggs' apartment, she contacted the Albany City Police, who arrived at Briggs' apartment at 4:45 A.M. They found Briggs hysterical and learned that she had stabbed defendant in an effort to escape. Briggs' nightgown and the bed sheets were blood stained, a knife was found in the bathroom, and Briggs was taken to the hospital, where she was found to be suffering from numerous cuts and bruises. Sperm was also found to be present. ¶ The police arrived at defendant's home at 6:30 A.M. Defendant's wife opened the door, stepped outside and informed the police that defendant had come home, that he was inside and was cut. The police entered and arrested defendant. Defendant was given his *Miranda* warnings, which he waived. Defendant told the police that he had known Briggs for five or six weeks, that they had gone out to dinner and to a movie the prior evening, and had returned to her apartment about 10:30 P.M., where they had sexual intercourse but later argued over defendant's refusal to marry her. When questioned about the length of time it took him to get home, defendant said that the presence of the police cars prevented him from entering and that he waited until it was clear to go in. ¶ On September 1, 1981, defendant was indicted for kidnapping in the second degree, rape in the first degree and sodomy in the first degree. His assigned counsel made a pretrial omnibus motion on October 14, 1981. On October 19, 1981, defendant requested a change of counsel, claiming that he had not been contacted by his assigned counsel. His request was denied and, after a suppression hearing, his statements to the police were ruled admissible. At trial, defendant presented no evidence. The trial court dismissed the kidnapping charge and defendant was found guilty of rape in the first degree and sodomy in the first degree. He was sentenced to two consecutive indeterminate terms of imprisonment of 12½ to 25 years as a predicate felon. Defendant's subsequent motion pursuant to CPL 440.10 to vacate the judgment of conviction, alleging the deprivation of effective representation by counsel, was denied; the trial court found that evidence of a past relationship between Briggs and defendant, which defendant claimed his counsel did not properly investigate or introduce into evidence, would not have affected his conviction since the evidence of forcible compulsion at trial was overwhelming. ¶ On this appeal, defendant argues that he was deprived of his constitutional right to counsel because witnesses were not called to testify as to the prior relationship between Briggs and defendant, no investigation was made of Briggs' character and no witnesses were called to provide defendant with an alibi. These contentions are wholly unsupported and are contained only in the barest conclusory allegations of defendant. Defendant has failed to demonstrate even the existence of any such witnesses, let alone what their testimony would have been if called. In view of the overwhelming evidence of defendant's guilt, counsel's failure to call such witnesses, even if they existed, has not been shown to be prejudicial (*People v Ford,* 46 NY2d 1021). Furthermore, it appears that defense counsel was active at arraignment, made timely and proper motions, and requested and competently conducted a suppression hearing. He also adequately participated in the trial by making opening and closing statements, by appropriate objections and cross-examination of witnesses, and by requesting a proper jury charge. Having demonstrated a familiarity with the basic principles of criminal law and procedure (*People v Conway,* 97 AD2d 659, 660), it cannot be said that defendant was denied effective representation of counsel. ¶ Defendant's claim that the trial court abused its discretion in refusing to grant his application for

a change of appointed counsel is likewise without substance since defendant failed to show good cause for the granting of such motion (see *People v Medina,* 44 NY2d 199). ¶ Defendant's warrantless arrest was made on probable cause and the police entered defendant's home with the permission of his wife. In any event, no evidence was seized at the time of his arrest and the manner of the arrest itself cannot be a defense to his trial and conviction (*Frisbie v Collins,* 342 US 519). ¶ We have examined defendant's other contentions and find them baseless. He has failed to show that a felony complaint had been filed against him at the time of his arrest, triggering his right to counsel, and it appears affirmatively that he did waive his *Miranda* rights. Nor is defendant's claim that he was denied his right to appear before the Grand Jury valid. Defendant failed to make a timely motion therefor (CPL 190.50, subd 5; *People v Washington,* 42 AD2d 677). ¶ Judgment and order affirmed. Kane, J. P., Main, Casey, Levine and Harvey, JJ., concur.