OPINION OF THE COURT
Frederick D. Dugan, J.
Defendant here moves for waiver of the mandatory surcharge of $75 for felony convictions imposed upon him at sentencing (CPL 420.35).
On May 20, 1983, defendant was determined to be a second felony offender and upon his guilty plea April 15, 1983 to burglary in the third degree, a class D felony, an indeterminate sentence was imposed for a maximum term of four years and a minimum of two years.
At sentencing, a mandatory surcharge of $75 was imposed, to be paid to the Probation Department within 30 days (Penal Law, § 60.35, subds 1,2), reserving defendant’s right to make application for resentencing as to the mandatory surcharge within 20 days. (CPL 420.35.)
On June 13, 1983, defendant’s assigned counsel moved the court on notice to the prosecutor for resentencing as to the mandatory surcharge on the grounds of indigency of the defendant (CPL 420.35, 420.10, subd 4, par [c]) which application was denied and the clerk of the court directed to advise the superintendent of the facility where the *623 defendant was incarcerated to make appropriate arrangements to withhold the surcharge from funds of the defendant pursuant to subdivision 5 of section 60.35 of the Penal Law. The clerk so notified the Superintendent of the Attica Correctional Facility on July 18, 1983. Here, defendant moves pro se, upon notice to the prosecutor, alleging in his affidavit sworn to May 15, 1984 that he is within the Department of Correction currently earning $4.25 per week in wages and that he is unable to meet his weekly expenses and at the same time to pay the mandatory surcharge. He requests that it be waived.
The statute provides that in any case where a person is guilty of any offense for which a mandatory surcharge shall be imposed, the Judge may waive all or any part of the surcharge where, because of the indigency of the offender the payment of said surcharge would work an unreasonable hardship on the person convicted or his immediate family. (CPL 420.35.)
In regard to notice and hearing, it is noted that the CPL 420.35 incorporates by reference the provisions of CPL 420.10 governing the collection of fines only and that the provisions of CPL 420.10 (subd 4, par [d]) mandating that the court must order notice of the application and a reasonable opportunity to be heard to the persons to whom it is to be paid and the official to whom it is remitted, apply only to restitution or reparation not to fines.
The provision of subdivision 5 of section 60.35 of the Penal Law authorizing the superintendent of the institution to collect an unpaid surcharge was effective April 1, 1983 (L 1983, ch 15, §§ 2, 184, subd [a]).
Where a defendant is convicted of a felony it is now mandatory for the court to impose a $75 mandatory surcharge at sentence. The court does have discretionary authority to direct its payment at a later date. (People v Rivera, 93 AD2d 845.)
The purpose of the mandatory surcharge is stated in the memorandum of the State Executive Department upon submission to the Legislature of the 1983 budget bill for the Crime Victims Account: “To shift the financial burden of crime victims programs to offenders, to expand crime *624 victims services and compensation and to make better use of resources allocated to these programs.” (McKinney’s Session Laws of NY, 1983, p 2355.)
That memorandum calls for mandatory surcharges to be added to other revenues paid to the Crime Victims Account and states that this would be part of a mechanism whereby the expense of providing services and compensation to victims of crime is shifted away from law abiding taxpayers and toward those who commit crimes, contemplating this payment of surcharges to that account in the nature of restitution that would reduce the taxpayer share of expenses for the crime victims program and potentially obviate the need for taxpayer support in future years.
The full dimension of the mandatory surcharge is revealed in the memorandum estimate that the Crime Victims Account would be supported annually by $7.7 million in potential revenue from mandatory surcharges.
Two administrative improvements to the mandatory surcharge procedures, proposed to ease the burden on the collecting authorities, are specified in the budget memorandum: first, the sentencing Judge is to have authority to waive assessments for indigent defendants to avoid time consuming and needless resentencing hearings and, second, collection practices for mandatory surcharges are stated to conform to the general practices for “all other fines”.
Clearly, under the statute the surcharge must be imposed at sentencing. (Penal Law, § 60.35, subd 1.) If a defendant claims to be unable to pay the surcharge, he may “at any time” apply to the court for resentence as to the mandatory surcharge. (CPL 420.35, 420.10, subd 4.) Upon such application the standard for waiver of payment is, “because of the indigency of the offender, the payment of said surcharge would work an unreasonable hardship on the person convicted or his or her immediate family.” (CPL 420.35.)
However, that standard is to be read in conjunction with the legislative mandate that when the incarcerated defendant has failed to pay the surcharge, the clerk is to notify the institutional superintendent who shall cause any amount owing to be collected from the defendant during *625 his term of imprisonment from moneys to the credit of an inmate’s fund. (Penal Law, § 60.35.) That statute specifies that for the purpose of collecting mandatory surcharges, the State shall be legally entitled to the money to the credit of an inmate’s fund therein defined to include funds earned by him as provided for in section 187 of the Correction Law and “any other funds received by him or on his behalf and deposited with such superintendent”. (Penal Law, § 60.35, subd 5.)
It is under section 187 of the Correction Law that every prisoner in a State correctional institution, subject to the rules and regulations of the Department of Correction and the discretion of the managing authority, may receive compensation for work performed during imprisonment.
Can it be said that an inmate of the correction system is indigent? Blacks Law Dictionary (4th rev ed, p 913) defines indigent: “In a general sense, one who is needy and poor, or one who has not sufficient property to furnish him a living or anyone able to support him to whom he is entitled to look for support.”
Notwithstanding the discretionary authority to waive the mandatory surcharge upon the grounds of indigency and unreasonable hardship (CPL 420.35), in view of the mandated provision for payment by incarcerated defendants (Penal Law, § 60.35, subd 5) it is held that defendant’s application here is premature until such time as he be released from incarceration at which time any claim of indigency and the unreasonable hardship of paying the mandatory surcharge on him or his immediate family can be pleaded and determined.
Defendant’s motion is denied.