■ NORTH SHORE CHILD GUIDANCE ASSOCIATION, INC., et al., Respondents, v INCORPORATED VILLAGE OF EAST HILLS, Appellant, et al., Defendant.

In 1966, Nellie C. McCory purchased a 27-room house on 2.7 acres of land in the Incorporated Village of Old Westbury. As a result of a change of territorial boundaries in 1949, certain land, including that owned by McCory, was de-annexed from Old Westbury, and annexed to the Incorporated Village of East Hills. As a result, McCory's land became subject to the Building Zone Ordinance of the Village of East Hills, which was enacted on March 27, 1937, and which designated the area for use as single-family residences on a minimum one-acre plot.

Because of the oversized nature of the house and its undesirable location bordering on the service road to the Long Island Expressway, McCory had difficulty selling it as a single-family residence, and instead, contracted to sell it to plaintiff North Shore Child Guidance Association, Inc. (North Shore), upon the condition, *inter alia,* that North Shore was able to obtain a variance from the building zone ordinance. The Board of Appeals of the Incorporated Village of East Hills denied the application for a variance, and in a proceeding brought pursuant to CPLR article 78, this court affirmed the dismissal of that petition which challenged the decision of the Board of Appeals (*see, Matter of North Shore Child Guidance Assn. v Board of Appeals,* 100 AD2d 981).

Plaintiffs subsequently brought this action, alleging, *inter alia,* that the Village of East Hills failed to comply with the requirements of the Village Law in enacting the Building Zone Ordinance. Among the specific objections raised by plaintiffs was that a copy of the building zone map or metes and bounds description of the zones was not included within the minutes of the meeting which adopted the ordinance; and that the village records do not contain an affidavit that the ordinance was

properly posted. Following a hearing, Special Term found, *inter alia,* that the ordinance was not validly enacted for the two reasons stated above, and declared the 1937 Building Zone Ordinance to be null and void. This appeal ensued.

The issue of whether the 1937 Building Zone Ordinance of the Village of East Hills was properly enacted is of great importance, for on January 1, 1938, County Government Law of Nassau County § 1607 (L 1936, ch 879) (the law is also known as the Nassau County Charter) became effective. That section of the Nassau County Charter provided that as of its effective date, any village which did not already have a valid zoning ordinance in effect, lost the power to enact building zone ordinances thereafter, with such future right being exclusively vested in the town within which the village was located. Thus, if the 1937 Building Zone Ordinance was not validly enacted, then the Village of East Hills was without the power to subsequently enact such an ordinance, and the 1949 amendment to and 1957 recodification of the 1937 zone ordinance were null and void. This, however, was not the case, since we find, for the reasons which follow, that the 1937 ordinance was properly enacted by the Village of East Hills.

The first of two reasons proffered by the plaintiffs and adopted by Special Term for finding that the ordinance was invalid was that the village did not include the zoning map within the minutes of the March 27, 1937 board of trustees meeting in which the ordinance was adopted. It was undisputed, however, that the ordinance as adopted, including a map of the zones, was published in the official village newspaper on April 1, 1937. This portion of the minutes book was produced at the hearing and introduced into evidence without objection from the plaintiffs. We find that this constituted sufficient compliance with the requirement that the ordinance be placed within the minutes book. The delay of a few days in actually affixing the map to the book, through a copy of the published ordinance, did not invalidate the enactment of the ordinance (*see, Connal v Rhoades,* 36 AD2d 641; *see also, Quick v Town of Owego,* 11 AD2d 285, *affd* 8 NY2d 1144).

The second reason urged by the plaintiffs for finding that the ordinance was invalidly enacted was that the village was unable to produce an affidavit that the ordinance was properly posted, as required by Village Law § 95 (L 1909, ch 64). It would be almost impossible at this late date for the village to prove that the ordinance had indeed been posted back in 1937. We find, however, that any defect in the manner in which the ordinance might have been posted was cured by the enactment of chapter

556 of the Laws of 1955. In this curative statute, it is expressly provided that no ordinance previously adopted pursuant to the applicable provisions of the Village Law would be deemed invalid or ineffective due to a defect in the posting or publishing of the ordinance. This legislative enactment retroactively cured any defect in the posting of the zoning ordinance which might have existed at the time of its enactment.

Finally, we see no merit in plaintiffs' argument, not addressed by Special Term, that an amendment to the Building Zone Ordinance, enacted in 1949, was invalid because it attempted to incorporate by reference parts of the Building Zoning Ordinance of the Incorporated Village of Old Westbury, in violation of the New York State Constitution (art III, § 16). The 1949 amendment in question provided in relevant part as follows: "Section 2. The use of any property, described in Section 1 hereof, for a planned business community center as shall have been granted pursuant to the provisions of the Village of Old Westbury Building Zone Ordinance shall continue in accordance with the grant of such use of the Village of Old Westbury and while so existing shall be deemed a non-conforming use."

The purpose of the New York State constitutional provision was to ensure that legislators, possibly ignorant of the provisions of other statutes, do not affect public or private interests to an extent not disclosed upon the face of the enactment, in a manner which would not receive the sanction of the Legislature if fully understood (*see, People ex rel. Everson v Lorillard,* 135 NY 285; *People ex rel. Board of Commrs. v Banks,* 67 NY 568). The reference in the 1949 amendment to the Zoning Law of the Village of Old Westbury did not violate the spirit of the constitutional provision. It did not incorporate by reference any substantive obligations or requirements. It merely clarified those portions of the zoned land which were deemed a nonconforming use. There was virtually no possibility that the enactors of the zoning amendment were unaware of the effect that the reference to the Ordinance of the Village of Old Westbury would have upon the ordinance of the defendant village.

For the reasons stated above, the judgment is reversed. Lazer, J. P., Gibbons, Thompson and Niehoff, JJ., concur.