■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE SANTIAGO, Appellant. — Yesawich, Jr., J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered September 2, 1983, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

In April of 1983, defendant, an inmate at Elmira Correctional Facility, was indicted for promoting prison contraband in the first degree. Following arraignment, defendant was granted an adjournment to enable him to secure counsel. Defendant was unable to do so, whereupon counsel was assigned to represent him. On May 20, 1983, the return date of a suppression motion, defendant stated that he would like "a new District Attorney". County Court ultimately adjourned the case for trial without addressing this request. Two weeks later, at the outset of a scheduled *Huntley* hearing on the eve of trial, defendant asked for a new lawyer claiming that his assigned counsel had "no interest in my case". Defendant was advised that he was free to hire an attorney of his choice but that the court would not assign another lawyer to represent him. The next day, in the course of selecting the jury, defendant again asked for a new lawyer and the court again refused to honor that request. On the following day, defendant pleaded guilty. Prior to doing so, he signed a statement indicating that he had fully discussed the matter with his assigned counsel and that he was pleading guilty voluntarily after due consideration and consultation with counsel.

Initially, defendant maintains that his right to counsel was breached when County Court, without inquiry, denied him the services of another lawyer. This thesis would have force if defendant had advanced good cause for changing counsel. The only reason offered for substituting counsel, and that was advanced only on the eve of trial (*see, People v Fruehwirth,* 83 AD2d 975), was defendant's unsupported, wholly conclusory, assertion that he "felt" his assigned counsel lacked interest in the case; this, despite the fact that counsel brought on a suppression motion, attempted to negotiate a favorable plea bargain and appeared and conferred with defendant at each of his court proceedings. Furthermore, it does not appear that there was any failure of cooperation between defendant and his counsel or that the latter was other than experienced and qualified. Defendant's argument also would have us overlook the fact that his signed statement, earlier alluded to, clearly implies that when his plea was taken he had confided in and had consulted with his appointed counsel. Not only has good cause not been demonstrated (*see, People v Lane,* 101 AD2d 925, 926), but even if counsel's interest in defendant's case was less consuming than defendant would prefer, it was far from prejudicial for nowhere in his brief does defendant proclaim that he is innocent of the crime of which he has been convicted.

As for defendant's attack on the constitutionality of Penal Law § 205.25, that has been considered and rejected in *People v*

*Miller* (106 AD2d 787). The challenge to the propriety of the indictment has been waived by defendant's guilty plea (*People v Cohen,* 52 NY2d 584, 587). Additionally, we deem the sentence imposed, a prison term of 1½ to 3 years to be served consecutively with defendant's current sentence, neither harsh nor excessive. We note, however, that the sentencing court reluctantly refused to waive the mandatory $75 surcharge because it mistakenly believed it lacked the authority to do so. In the interest of judicial economy, we view defendant's request for waiver of the surcharge, made immediately after sentencing, as an application for resentence (*see,* CPL 420.10 [4]; *People v Rivera,* 93 AD2d 845). Accordingly, we implement the sentencing court's exercise of discretion in favor of waiving the surcharge.

Judgment modified, as a matter of discretion in the interest of justice, by vacating so much of the sentence as imposed a $75 surcharge, and, as so modified, affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.