■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD A. WEIR, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of St. Lawrence County (Duskas, J.), rendered April 9, 1984, upon a verdict convicting defendant of the crime of murder in the second degree.

On the evening of July 8, 1983, Beverly Sue McNerney was slain in the course of an argument with defendant, her longtime companion. Defendant, at close range, had fired approximately 10 shots from a .22 caliber rifle at McNerney. While neighbors of the victim who had witnessed the tragedy summoned the police, defendant, armed with a rifle, fled through the woods to the nearby home of Wilson Perrin, the local Town Justice. Invited inside, defendant announced, "I just shot Beverly." Although Perrin asked defendant several times to give him the gun, defendant refused. At defendant's direction, Perrin telephoned the local hospital and then the Sheriff to obtain information as to the victim's condition. With rifle in hand, defendant voluntarily talked with the Sheriff and also

with a State trooper for nearly an hour. Eventually, defendant surrendered. He gave no statements while in police custody.

Defendant was thereafter indicted for murder in the second degree. His motion to suppress the various oral statements and admissions made in Perrin's presence and over the telephone to the police while at Perrin's house was denied without a hearing. At trial, several eyewitnesses confirmed the shooting by defendant. A pathologist called by the People testified that, of the victim's 17 gunshot wounds, one which traversed the lung caused her to bleed to death. According to the pathologist, the sole medical expert called to testify, only immediate surgery would have enabled the victim to survive that wound. The thrust of the defense, that defendant's extreme emotional disturbance was a mitigating circumstance reducing his criminality to manslaughter, was rejected by the jury. Defendant was convicted of second degree murder and a prison sentence of 25 years to life was imposed. This appeal followed.

Initially, defendant maintains that the trial court erred in failing to conduct a hearing to determine whether the statements defendant uttered on the telephone, while at Perrin's home, were involuntarily made. This argument is of no avail. The evidence is that it was defendant who initiated contact with the law enforcement officers and, further, even accepting defendant's version of the facts, he undeniably was not in custody at the time of those conversations (see, CPL 710.60 [3]). As in *People v Lee* (33 AD2d 397), such purely voluntary statements are admissible.

Another of defendant's principal contentions is that the People failed to prove beyond a reasonable doubt that he caused the victim's death in that she might have survived if she had received immediate medical attention. The law is quite clear, however, that when a defendant's conduct is a sufficiently direct, though not necessarily immediate cause of the ensuing death of another, the defendant is liable therefor (*People v Kibbe,* 35 NY2d 407, 412-413), even though other factors, entering after the injury inflicted by the defendant, may have contributed to the fatal result (*People v Stewart,* 40 NY2d 692, 697). Only if the fatality is solely attributable to the intervening cause will the defendant be relieved of legal responsibility for the death (*People v Bonilla,* 95 AD2d 396, 409, *affd* 63 NY2d 341). The uncontradicted evidence at trial established that nothing other than immediate emergency surgery could possibly have saved the victim's life and that the gunshot wounds at defendant's hands, rather than any

delay in attending to the victim, caused her demise. Failure to promptly transport her to the hospital did not relieve defendant of culpability for her death.

Defendant also urges that ineffective legal representation and an allegedly improper remark by the prosecutor during summation deprived him of a fair trial. Neither point has force. Not only did defense counsel perform vigorously and competently, but, given the overwhelming evidence of guilt, the unobjected-to remark in the prosecutor's summation, even it if be viewed as error, was harmless.

With respect to the sentence imposed, it is axiomatic that this court will not disturb a sentence absent a clear abuse of the trial court's discretion (*People v Donnelly,* 103 AD2d 941). Here, the sentence is statutorily authorized and the conduct being condemned is both heinous and depraved, justifying the punishment prescribed.

Judgment affirmed. Main, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.