■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BROWN, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered November 18, 1982, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

judgment of the Supreme Court, Queens County (Leahy, J.), rendered July 7, 1983, convicting him of robbery in the first degree (two counts), robbery in the second degree, criminal use of a firearm in the first degree and criminal use of a firearm in the second degree, after a nonjury trial, and imposing sentence.

Judgment affirmed.

Although there were certain discrepancies between the complainant's identification testimony and prior statements he made to the police, questions as to the credibility of a witness are for the trier of the facts to resolve (see, People v Malizia, 62 NY2d 755, cert denied 469 US 932; People v Gruttola, 43 NY2d 116; People v Di Girolamo, 108 AD2d 755, lv denied 64 NY2d 1133).

A review of the record demonstrates that the police arrested the defendant only after the complainant spontaneously identified him as one of the perpetrators of a robbery which had occurred 10 days earlier; thus there was probable cause to make the arrest and no suggestiveness with respect to the identification itself (see, People v Gonzalez, 61 AD2d 666, affd 46 NY2d 1011).

Further, we find that the defendant's trial attorney provided "meaningful representation" under the totality of circumstances so as to satisfy the constitutional requirement of effective assistance of counsel (see, People v Baldi, 54 NY2d 137, 147). There is nothing in the record to indicate that there were any alibi witnesses available to the defendant; therefore counsel did not have a reasonable basis to present such a defense and cannot be criticized for the failure to do so (see, People v Ford, 46 NY2d 1021; People v Lane, 101 AD2d 925, affd 64 NY2d 1047). Mangano, J. P., Niehoff, Rubin and Kunzeman, JJ., concur.