■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ECTOR, Appellant.—Casey, J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered August 21, 1985, convicting defendant upon his plea of guilty of the crime of assault in the first degree.

Defendant was indicted for the crimes of assault in the first degree, criminal possession of a weapon in the third degree and reckless endangerment in the second degree. The indictment stemmed from defendant shooting his estranged wife, causing wounds to her left wrist and both thighs, and necessitating her hospitalization for 12 days. In his omnibus motion, defendant moved to dismiss the indictment based on the insufficiency of the evidence before the Grand Jury to sustain the indictment. The motion was denied in its entirety. During the pretrial proceedings, defendant requested his attorney to move for a change of venue on the ground that several other members of his family had been prosecuted before the Ulster County Judge. Defense counsel did not make such motion. Defendant thereafter withdrew his previous plea of not guilty and entered a plea of guilty to the crime of assault in the first degree, in full satisfaction of the indictment. Defendant was informed that a sentence of 1½ to 4½ years' imprisonment would likely be imposed. It was also agreed that, pending a favorable Probation Department investigation, County Court would grant defendant's application following his confinement for a certificate of release from civil disabilities. At his plea allocution defendant admitted that he had shot his wife three times and was guilty of assault in the first degree, and that he was satisfied with his attorney's services. Defendant was sentenced as promised.

On this appeal, defendant raises two issues, the first of which is the insufficiency of the evidence before the Grand Jury to support a finding that his wife had sustained serious physical injury, a required element of the crime to which he pleaded guilty. Defendant's plea of guilty waives any question as to the sufficiency of the Grand Jury minutes (*People v Thomas*, 53 NY2d 338; *People v Craft*, 87 AD2d 662) and may not be urged here.

The second claim centers on defense counsel's failure to move for a change of venue and to challenge a grand juror seated on the panel. County Court assured defendant that his name played no role in the plea negotiations and defendant received the minimum sentence for his crime. Defense counsel acknowledged that a motion for a change of venue was requested by defendant, but counsel believed that in the circum-

stances it would be fruitless. Having reasonably so decided, counsel was not obliged to pursue the motion further. As to defendant's claim that his attorney failed to act on defendant's belief that one of the grand jurors could not be fair and impartial, there is no evidence in the record to support this claim. The record reveals rather that defendant benefited from his plea, which his counsel negotiated, and admitted that his legal representation was satisfactory when he entered the plea. We find no reason to disturb it and, therefore, affirm the judgment.

Judgment affirmed. Mahoney, P. J., Casey, Weiss, Mikoll and Levine, JJ., concur.