(February 19, 1987)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN ANDERSON, Appellant.—Weiss, J. Appeal from a judgment of the County Court of Chemung County (Monroe, J.), rendered May 11, 1984, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

On December 20, 1983, inmates at Elmira Correctional Facility en route to breakfast were spot-checked for weapons. The alarm on a metal detector sounded when defendant passed through and correction officers observed him holding a shank. Defendant was indicted by a Grand Jury for the crime of promoting prison contraband in the first degree and, after trial, was found guilty and sentenced as a second felony offender to 3½ to 7 years' imprisonment, consecutive to the sentence then being served.

Defendant initially contends that the conviction is invalid since the Commissioner of Correctional Services failed to properly file the "Standards of Inmate Behavior" rulebook with the Secretary of State, as required by NY Constitution, article IV, § 8. This argument has recently been reviewed and rejected by this court. *(People v Motley,* 119 AD2d 57, *lv granted* 68 NY2d 919; *see, People v Rodriguez,* 126 AD2d 896; *People v Simms,* 124 AD2d 349), as has defendant's further contention that Penal Law § 205.25 is unconstitutionally vague *(see, People v Brown,* 123 AD2d 527; *People v Miller,* 106 AD2d 787, 789). Finally, with respect to defendant's assertions at oral argument, the Legislature's definition of "contraband" as any item which an inmate "is prohibited from obtaining or possessing by statute, rule, regulation or order" (Penal Law § 205.00 [3]) does not constitute an unconstitutional delegation of legislative authority *(see,* McKinney's Cons Laws of NY, Book 1, Statutes §§ 2, 3).

Defendant next contends the indictment should be dismissed because he was denied his statutory right to appear and testify before the Grand Jury (CPL 190.50 [5] [a]). We disagree. A District Attorney is obligated to notify a person of a pending Grand Jury proceeding when a defendant has been arraigned in a local criminal court upon an undisposed felony complaint *(id.).* Here, the criminal action against defendant commenced with the Grand Jury indictment, not a felony complaint. Moreover, defendant was offered an opportunity to appear before a second Grand Jury but refused to sign a waiver of immunity, thereby losing any right to testify *(see,* CPL 190.50 [5] [b]).

The remaining arguments are similarly unpersuasive. Since the testimony of the two correction officers involved in this incident provides ample basis to support the jury verdict, defendant's assertion that County Court failed to rule on the sufficiency of the evidence before the Grand Jury is now of no moment *(see,* CPL 210.30 [6]; *People v Shapiro,* 117 AD2d 688, 689; *People v McGrath,* 115 AD2d 128, 129-130). The court's refusal to provide defendant with an investigator was not improper since the arrangements made to assist defendant in locating and interviewing witnesses, two of whom testified on defendant's behalf, were more than adequate.

Defendant's *pro se* arguments are without merit. His attempt to have assigned counsel replaced and venue changed on the morning of trial was more a delaying or obstructing tactic than a genuine objection to counsel *(see, People v Tineo,* 64 NY2d 531, 536). Because defendant failed to demonstrate

"good cause" for the request *(see, People v Sawyer,* 57 NY2d 12, 18, *cert denied* 459 US 1178), County Court had no duty to either inquire into his request *(see, People v Santiago,* 111 AD2d 531, 532) or explain to defendant the possibility of his right to proceed *pro se (see, People v McIntyre,* 36 NY2d 10, 17). As explained by defendant's assigned counsel just prior to trial, defendant informed counsel "that he doesn't want me as the defense attorney. He wants another defense attorney. He wants a change of venue and he doesn't want to try the case with any attorney *today* at all" (emphasis supplied). On this premise, the court could readily assess the request as a mere delaying tactic and summarily deny the motion *(see, People v Santiago, supra).* Finally, defendant's challenge to the authentication of a document evidencing his receipt of the prison rulebook was not preserved at trial and, in any event, is unpersuasive.

Judgment affirmed. Mahoney, P. J., Kane, Casey, Weiss and Yesawich, Jr., JJ., concur.