■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON GHOLSTON, Appellant.—Weiss, J. P. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered February 22, 1985, convicting defendant upon his plea of guilty of the crime of attempted promoting prison contraband in the first degree.

Defendant, while an inmate at Elmira Correctional Facility, was convicted upon his plea of guilty of attempted promoting prison contraband in the first degree based on his possession of a razor blade, and was sentenced as a predicate felon to 1½ to 3 years' imprisonment consecutive to the sentence being served. His assertion that the conviction was invalid due to the failure of the Commissioner of Correctional Services to properly file the "Standards of Inmate Behavior" rule book was waived upon entry of the guilty plea *(see, People v Motley,* 119 AD2d 57, *affd* 69 NY2d 870) and, in any event, is without merit *(see, People v Anderson,* 127 AD2d 885). Defendant's constitutional challenges premised on vagueness and the improper delegation of legislative authority in violation of NY Constitution, article III, § 1 have been previously reviewed and rejected *(People v Anderson, supra; see, Matter of Shattenkirk v Finnerty,* 97 AD2d 51, 54, *affd* 62 NY2d 949).

Defendant's further assertion that the statutory contraband provisions (Penal Law § 205.00 [3]; § 205.25 [2]) are violative of NY Constitution, article III, § 16, which prohibits any statute from incorporating by reference any existing law or part thereof, is unpersuasive. By enacting the challenged provisions, it is evident that the Legislature fully comprehended that it was authorizing the Department of Correctional Services and other agencies to define what items were contraband. This authority simply served to clarify the statutory language without imposing any new substantive obligations or requirements *(see, North Shore Child Guidance Assn. v Incorporated Vil. of E. Hills,* 110 AD2d 826, 829, *appeal dismissed*

69 NY2d 707). Accordingly, we perceive no unconstitutional incorporation by reference within the meaning of the aforementioned constitutional provision (see, 56 NY Jur, Statutes, §§ 26-28, at 519-522 [1967]).

Defendant was not denied a statutory right to appear before the Grand Jury (see, People v Anderson, supra; see also, CPL 190.50 [5] [a]); moreover, he neither served a written notice requesting an opportunity to appear (CPL 190.50 [5] [a]) nor timely registered an objection (CPL 190.50 [5] [c]). The record further belies defendant's contention that County Court failed to review the sufficiency of the Grand Jury minutes; again, this argument was also waived upon the plea (People v Ector, 126 AD2d 904). Finally, defendant was allowed to plead guilty to a reduced charge and the sentence was fully in accord with the terms of the plea bargain. Accordingly, defendant's complaint that the sentence was unduly harsh is without substance.

Judgment affirmed. Weiss, J. P., Mikoll, Yesawich, Jr., and Harvey, JJ., concur.