■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ALFONE, Appellant.—Mahoney, P. J. Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 4, 1986, convicting defendant upon his plea of guilty of the crime of burglary in the second degree.

On September 27, 1985, New Paltz Police Detective Brad Birchell responded to a report that a residence in the Town of New Paltz, Ulster County, had been burglarized. Upon arrival at the scene, Birchell was advised that six rifles, a chain saw, a microwave oven and a stereo had been taken. When Birchell returned to New Paltz police station, he was informed that the Kingston Police Department had recovered three of the rifles reported stolen. Birchell and Officer Manpel met with a Kingston detective and went to a sporting goods store in Kingston where the rifles had been recovered. A friend of the store owner stated that a Hispanic-looking male with a mustache had entered the store and inquired about selling three rifles. When asked for some identification, the individual left the store and drove off in his truck, leaving the rifles behind. A police teletype traced the vehicle to defendant's wife. Birchell and Manpel went to defendant's address and observed a yellow pick-up truck matching the description given to the police. Defendant's wife said that her husband had been driving the truck earlier that morning and had returned and left in her car.

Defendant had driven his wife's car to the home of a friend, Esopus Town Justice Robert Jordan. After defendant told Jordan what he had done, Jordan advised him to turn himself in to the authorities and accompanied him to the Port Ewen police substation. Meanwhile, Birchell and Manpel were directed by radio to proceed to the Town of Esopus courthouse which is located next to the Port Ewen police substation. There, defendant opened the trunk of his car and revealed three rifles, a microwave, a chain saw and a stereo. He stated "here is the stuff". Defendant was placed under arrest and read his *Miranda* rights. Later, at the New Paltz police station, defendant confessed to the burglary.

Defendant was indicted for the crimes of burglary in the second degree and three counts of criminal possession of stolen property in the second degree. After a suppression hearing, County Court denied defendant's motion to suppress statements made to Jordan and real evidence seized from the trunk of his wife's car. Defendant then pleaded guilty to the first count of the indictment, burglary in the second degree, in full satisfaction of the four-count indictment, and was sentenced to an indeterminate term of imprisonment of 1½ to 4½ years. This appeal by defendant ensued.

Initially, we reject defendant's argument that the indictment was founded on insufficient legal evidence and that purely hearsay testimony was offered to corroborate defen-

dant's tape-recorded confession. It is well-established law that a guilty plea precludes an appellate challenge of the factual basis of the indictment *(People v Ector,* 126 AD2d 904; *see, People v Thomas,* 53 NY2d 338).

We also reject defendant's contention that the indictment was founded on a defective Grand Jury proceeding. While, as noted above, a defendant may waive his right to challenge the sufficiency of the evidence supporting the indictment by entering a guilty plea, he does not waive his right to challenge defects in the Grand Jury proceedings *(see, People v Wilkins,* 68 NY2d 269, 277, n 7; *see also,* CPL 210.35 [5]). However, an indictment will not be dismissed for minor technicalities which do not impair the integrity of the Grand Jury process *(see, People v Dunbar,* 53 NY2d 868). Accordingly, we find without merit defendant's argument that the Grand Jury proceedings were fatally defective because the prosecution's response to County Court's order of discovery and inspection was dated three days prior to the date the indictment was officially handed up. It is customary for the particulars in a given case to be prepared after the Grand Jury has voted to indict a defendant but before the formal indictment is handed up. Further, defendant has failed to show how he was prejudiced by the delay between the Grand Jury vote and the formal indictment, or by the fact that the particulars predate the formal indictment by three days. Clearly, the Grand Jury process has not been proven so defective as to warrant dismissal of the indictment *(see, People v Pelchat,* 62 NY2d 97; *People v Dunbar, supra).*

Finally, we reject defendant's argument that County Court erred in denying defendant's motion to suppress statements made to Jordan and real evidence given to Birchell and Manpel, the arresting officers. Here, defendant voluntarily drove to Jordan's home and told Jordan, his friend, that he had done something wrong. It was defendant who initiated the conversation. There was no custodial interrogation of defendant by Jordan such that *Miranda* warnings were necessary. Custodial interrogation means questioning initiated by law enforcement officials after a person has been taken into custody or otherwise deprived of his freedom in any significant way *(see, Miranda v Arizona,* 384 US 436, 444). Here, Jordan was not required to advise defendant of his *Miranda* rights because there was no "custody" or "interrogation" *(see, People v Weir,* 112 AD2d 594). We also conclude from the record that the real evidence was turned over to the police voluntarily by

defendant. He was not in custody at the time and there was no coercion exercised by the police, Jordan or anyone else.

Judgment affirmed. Mahoney, P. J., Weiss, Yesawich, Jr., Levine and Harvey, JJ., concur.