OPINION OF THE COURT
Dan Lamont, J.
Defendant makes application for an order pursuant to CPL 420.10 for resentence upon the ground that he is indigent and cannot pay the $100 mandatory surcharge.
Notwithstanding the discretionary authority to waive the mandatory surcharge upon the grounds of indigency and unreasonable hardship (CPL 420.35), this court holds and determines that defendant’s application should be denied based upon the mandated provision for payment by an incarcerated defendant (Penal Law § 60.35 [5]) which requires the institutional superintendent to cause any amount owing to be collected from the defendant during the term of his imprison *518 ment from the moneys to the credit of an inmate’s fund (People v West, 124 Misc 2d 622 [Yates County Ct 1984]).
However, Penal Law § 60.35 (1) provides in applicable part as follows: "Except as provided in section eighteen hundred nine of the vehicle and traffic law, whenever proceedings in * * * a court of this state result in a conviction for a felony * * * there shall be levied a mandatory surcharge” (emphasis supplied).
Vehicle and Traffic Law § 1809 (1) provides that the mandatory surcharge for a conviction of any crime or traffic infraction under the Vehicle and Traffic Law is only $10. This includes misdemeanors and felonies.
Accordingly, the defendant’s motion for resentencing is granted to the extent that the mandatory surcharge originally imposed is found and determined contrary to law, and the defendant, Kenneth Cardinal, is hereby directed to pay a mandatory surcharge in the reduced amount of $10 to the clerk of this court. Since the defendant’s application for resentencing results in a determination in his favor in the amount of $90, his personal appearance is dispensed with.