■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v PETER CONDE, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Giaccio, J.), dated October 6, 1986, which granted the defendant's motion to dismiss the indictment based upon the People's failure to notify the defendant of his right to testify before the Grand Jury.

Ordered that the order is reversed, on the law, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

Contrary to the court's conclusion, since the defendant had been held for the action of the Grand Jury and since he was, therefore, no longer the subject of an undisposed of felony complaint in a local criminal court, the District Attorney was under no affirmative obligation to notify the defendant of prospective or pending Grand Jury proceedings *(see, People v Green,* 110 AD2d 1035; *People v Washington,* 42 AD2d 677; *People v Talham,* 41 AD2d 354; *People v Lunney,* 84 Misc 2d 1090). Accordingly, it was error to dismiss the indictment on the ground that the notification requirements of CPL 190.50 (5) (a) were violated. Mangano, J. P., Brown, Eiber and Harwood, JJ., concur.