■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALVIN LEGREE, Appellant.—Appeal from a judgment of the County Court of Chemung County (Danaher, Jr., J.), rendered October 1, 1990, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

We reject defendant's claim that County Court erred in refusing to charge the jury on the defense of temporary lawful possession. This defense has only been applied in cases involving the charge of criminal possession of a weapon whereas the

charge in this case concerned possession of prison contraband *(see, e.g., People v Whitehead,* 123 AD2d 895; *People v Richardson,* 55 AD2d 514). Furthermore, the statutory defense of such possession applies only to certain crimes under Penal Law articles 265 and 270 *(see,* Penal Law § 265.20) and defendant was charged with violating Penal Law § 205.25. We also reject defendant's contention that County Court should have dismissed the indictment due to defendant's failure to testify before the Grand Jury. Defendant notified the District Attorney of his intent to testify only after the indictment was filed; his request was therefore untimely and not a ground for dismissal *(see,* CPL 190.50 [5] [a]). Furthermore, because there was no pending felony complaint in a local criminal court upon which defendant had been arraigned, the District Attorney was under no obligation to notify defendant that a Grand Jury was going to convene *(see,* CPL 190.50 [5] [a]; *People v Conde,* 131 AD2d 586). We have considered defendant's remaining contentions and likewise reject them as lacking in merit.

Mahoney, P. J., Mikoll, Yesawich Jr. and Mercure, JJ., concur. Ordered that the judgment is affirmed.