■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THAKOORDAT PERSAUD, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Ain, J.), rendered June 26, 1991, convicting him of operating a motor vehicle while under the influence of alcohol (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating so much of the sentence as imposed a $1,500 fine on the conviction of driving while intoxicated (two counts) and a $500 fine on the conviction of aggravated unlicensed operation of a motor vehicle in the first degree; as so modified, the judgment is affirmed and the matter is remitted to the County

Court, Nassau County, for resentencing on the matter of the imposition of an appropriate fine.

The defendant contends that the prosecution witnesses should not have been believed because their account of the events giving rise to the crimes charged was contradicted by his version of the circumstances. However, resolution of issues of credibility as well as the weight to be accorded to the evidence presented are primarily questions to be determined by the jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

In addition, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In view of the defendant's lengthy history of operating motor vehicles while under the influence of alcohol and the absence of any remorse for his actions, we find that the imposition of a sentence of incarceration was appropriate (see, People v Suitte, 90 AD2d 80).

However, the County Court erred in imposing a $1,500 fine for his convictions of driving while intoxicated (Vehicle and Traffic Law § 1192 [2], [3]), and an additional $500 fine for his conviction of aggravated unlicensed operation of a motor vehicle in the first degree (Vehicle and Traffic Law § 511 [3]) since those offenses were committed through a single act. The defendant's illegal operation of a motor vehicle occurred on February 12, 1990, prior to the amendment of Penal Law § 80.15 (eff July 30, 1990) which authorizes the imposition of separate fines for multiple offenses set forth in the Vehicle and Traffic Law. Therefore, the imposition of fines for each offense was contrary to statute at that time. As the court was empowered to impose a sentence of incarceration and fine for only one of the offenses, and no additional fine for the other offenses, the matter is remitted to the County Court, Nassau County, for resentencing on the matter of the imposition of an appropriate fine. Bracken, J. P., Sullivan, Copertino and Santucci, JJ., concur.