(January 21, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES A. BUXTON, Appellant.—Weiss, P. J. Appeal from a judgment of the Supreme Court (Harris, J.), rendered May 5, 1989 in Albany County, upon a verdict convicting defendant of the crimes of rape in the first degree and sodomy in the first degree.

On June 27, 1988 defendant, while feigning his car to be disabled on State Route 155 in the Town of Guilderland, Albany County, lured a young woman bicyclist to assist him in restarting it. Defendant then wielded a knife and dragged his victim into the woods where he twice sodomized and raped her. The victim sought immediate help and provided the police with a good description of defendant and his automobile. Defendant was apprehended and on the next day was identified in a lineup by the victim and two witnesses who had observed him alongside the vehicle at the crime scene. After trial, he was convicted of first degree rape and first degree sodomy and was sentenced as a persistent felony offender to 25 years to life imprisonment. This appeal by defendant ensued.

Initially, we reject defendant's contention that the lineup was unduly suggestive. Defendant's claim of undue prejudice is premised upon his argument that the other individuals in the lineup were not sufficiently similar to his description. A

review of the lineup photo reveals that while not perfect, the other five members therein adequately met the victim's description of her assailant *(see, People v Johnson,* 122 AD2d 812, *lv denied* 68 NY2d 915). The totality of the lineup circumstances reveals nothing unduly suggestive in the procedure *(see, People v Fuller,* 185 AD2d 446). The witness's awareness that a suspect was in custody did not prejudice the lineup *(see, People v Rodriguez,* 64 NY2d 738, 740). Identical clothing is not required to be worn by the lineup standins where, as here, common and similar apparel is used *(see, People v Torres,* 182 AD2d 587, 588, *lv denied* 80 NY2d 897). Supreme Court properly found that the lineup was not suggestive or prejudicial. Moreover, the record amply supports Supreme Court's further determination that the victim had an ample opportunity to observe defendant during the circumstances leading to the attack and during the crimes sufficient to support an independent basis for her in-court identification of him *(see, People v Lloyd Winston G.,* 45 NY2d 962, 964).

We similarly reject defendant's next contention that the verdict was against the weight and sufficiency of the evidence. On the contrary, the proof of guilt here is overwhelming. Four eyewitnesses placed defendant and his unique vehicle at the scene of the crime and other witnesses established that he was absent from his work site four miles away at the critical times. Viewing this evidence favorably to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), we find neither inadequacies in weight nor sufficiency of evidence *(see, People v Bleakley,* 69 NY2d 490, 495).

Defendant also contends that the People violated the *Brady* rule *(Brady v Maryland,* 373 US 83, 87) by failing to perform DNA testing of fingernail scrapings and oral swabs taken from the victim. We observe that defendant was given notice of the existence of the scrapings and swabs *(see, People v Banks,* 130 AD2d 498, 499, *lv denied* 70 NY2d 709; *see also, People v Fein,* 18 NY2d 162) and that evidence is not deemed *Brady* material when a defendant has knowledge of it *(see, People v Banks, supra).* Similarly, the failure to test evidence which is only of potential value to the defense is not a violation of the *Brady* rule particularly where, as here, the possible exculpatory value is purely speculative *(see, People v Scattareggia,* 152 AD2d 679, 679-680). Inasmuch as no test was conducted, there was no exculpatory evidence to conceal *(see, People v Yourdon,* 142 AD2d 998, *lv denied* 73 NY2d 791).

Finally, defendant's several arguments directed to the prosecutor's summation, contending that the cumulative effect of

the comments deprived him of his right to a fair trial, are unpersuasive. We find that the statements made by the prosecutor which defendant contends constituted prosecutorial misconduct were within the permissible limits of fair comment on the evidence (see, People v Allen, 99 AD2d 592, 593, affd 64 NY2d 979; see also, People v Ayala, 120 AD2d 600, 601).

Mikoll, Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the judgment is affirmed.