■ The People of the State of New York, Respondent, v Edmond J. Roy, Appellant. [600 NYS2d 363] —Weiss, P. J. Appeals (1) from a judgment of the County Court of Broome County (Mathews, J.), rendered November 9, 1990, upon a verdict convicting defendant of the crimes of attempted burglary in the third degree and criminal mischief in the fourth degree, and (2) from a judgment of said court, rendered November 9, 1990, convicting defendant upon his plea of guilty of the crime of falsely reporting an incident in the first degree.

Defendant was indicted for, and tried upon, charges of burglary and criminal mischief arising out of his unlawful entry into the LeRoy Package Store in the City of Binghamton, Broome County, at about 5:00 A.M. on June 13, 1990.* Defendant is alleged to have thrown two bricks at the store window and been in possession of a large stick, ostensibly for use in clearing the broken glass to facilitate access. A jury

---

* The indictment also charged lesser included crimes. A second unrelated indictment charged defendant with falsely reporting an incident.

found defendant guilty of attempted burglary in the third degree and criminal mischief in the fourth degree. Defendant was sentenced as a second felony offender to a prison term of 2 to 4 years. His postverdict motion to dismiss the indictment because the prosecution failed to preserve potentially exculpatory material was denied. Thereafter, defendant pleaded guilty to falsely reporting an incident in the first degree and a negotiated concurrent sentence of 1½ to 3 years was imposed.

The sole issue on this appeal is whether County Court erred in its denial of defendant's motion to dismiss the indictment because the police had destroyed evidence consisting of the two bricks and the stick found in defendant's possession at the scene of the crimes. Concededly, the prosecution is required, upon demand, to disclose and make available for inspection, photographing, copying or testing property obtained from a defendant (CPL 240.20 [1] [f]). Here, the evidence officer of the Binghamton Police Department testified that after he photographed, weighed and measured the bricks and the stick, and before defendant had an opportunity to examine them, they were destroyed because of the lack of storage space in police headquarters. Defendant's objection to the admission of the photos as evidence was overruled. His request for adverse jury instructions was granted and included within the charge to the jury.

It cannot be gainsaid that not only do the People have the duty to disclose potentially exculpatory material to a defendant (*Brady v Maryland,* 373 US 83), but in addition when discoverable evidence in possession of the prosecution is lost, destroyed or otherwise unavailable to a defendant, that unless the People sustain a heavy burden of establishing that diligent, good-faith efforts were made to prevent such loss, sanctions should be imposed (*People v Kelly,* 62 NY2d 516, 520).

Here, while the explanation for destruction or loss of the bricks and the stick appears to be less than satisfactory, defendant has not demonstrated that he was prejudiced by the absence of that evidence, particularly because their existence and nature were substantiated by photographs and witnesses other than the police, and further because defendant admitted that he possessed those items. Rather, the only issue is whether the sanction fashioned by County Court was appropriate in the totality of the circumstances.

The specific sanction to be imposed lies wholly within the discretion of the trial court (*People v Wallace,* 76 NY2d 953, 955), whose focus should primarily be on the overriding need

to eliminate prejudice to the defendant *(People v Martinez,* 71 NY2d 937, 940). Defendant has failed to demonstrate arguable prejudice to his defense resulting from the absence of the items or that the measures less severe than dismissal of the indictment failed to rectify the harm done *(see, People v Kelly, supra,* at 520). We find the adverse instruction to the jury sufficient under the circumstances in this case. The exculpatory value of the missing evidence was at best speculative *(see, People v Buxton,* 189 AD2d 996, 997).

Levine, Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgments are affirmed.

