■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY B. GIDDENS, Appellant. [609 NYS2d 736] —Judgment unanimously affirmed. Memorandum: Defendant contends that the court did not comply with CPL 270.40 because it failed to instruct the jurors in its preliminary instructions that prior to discharge they were prohibited from arranging for any payment or benefit in return for information concerning the trial and that they had a duty to report any attempt to influence improperly any member of the jury. Defendant, however, did not object to the court's preliminary instructions. The issue, therefore, has not been preserved for our review and we decline to review it in the interest of justice *(see, People v Moore,* 161 AD2d 733, 734, *lv denied* 76 NY2d 895; *People v Hickey,* 133 AD2d 421, 423; *People v Van Etten,* 94

AD2d 953). In any event, the court's failure to comply strictly with the mandates of CPL 270.40, as amended in 1990 (L 1990, ch 305, § 1), is harmless error in light of the overwhelming proof of defendant's guilt (see, People v Van Etten, supra, at 953). There is no significant probability that, but for the error, the jury would have acquitted defendant (see, People v Crimmins, 36 NY2d 230, 242).

The record reveals that defendant's attorney provided meaningful representation (see, People v Rivera, 71 NY2d 705, 708-709; People v Baldi, 54 NY2d 137, 146-147).

Lastly, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, D'Amico, J.—Burglary, 3rd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.