■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT SMITH, Appellant. [612 NYS2d 13] —Judgment, Supreme Court, New York County (Richard C. Failla, J.), rendered October 1, 1990, convicting defendant, after jury trial, of rape in the first degree (two counts), sodomy in the first degree (two counts), assault in the second degree, and unlawful imprisonment in the second degree, and sentencing him to concurrent terms of imprisonment of 7 to 21 years on each of the rape and sodomy counts, 2⅓ to 7 years on the assault count, and 1 year on the unlawful imprisonment count, unanimously affirmed.

Viewing the evidence in the light most favorable to the People and giving them the benefit of every reasonable inference *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), defendant's guilt of the crimes charged was proven beyond a reasonable doubt *(People v Bleakley,* 69 NY2d 490). Any credibility issues created by the testimony of the defense witnesses were properly placed before the jury and its determinations, not unreasonable, will not be disturbed by this Court *(People v Fonte,* 159 AD2d 346, *lv denied* 76 NY2d 734).

Defendant's claim that he was improperly denied exculpatory evidence because the People failed to perform DNA testing is unpreserved by appropriate objection before the trial

court (CPL 470.05). In any event, defendant's claim that DNA testing, if performed, would have proved to be exculpatory in nature is purely speculative and, inasmuch as no such testing was conducted, defendant cannot reasonably argue that he was denied exculpatory material *(see, People v Buxton,* 189 AD2d 996, 997, *lv denied* 81 NY2d 1011). In these circumstances, the trial court appropriately exercised its discretion in precluding cross-examination of the police chemist as to the absence of a particular chemical test (i.e., DNA testing), while permitting cross-examination regarding the inability of the tests actually performed to connect defendant with the crimes charged, as well as argument thereon in summation. By such ruling, the trial court properly discouraged undue speculation, while keeping the proceedings within the reasonable confines of the issues and encouraging clarity, rather than obscurity in the development of proof *(People v Moulton,* 43 NY2d 944, 945).

We have considered defendant's additional arguments and find them to be either unpreserved or without merit. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Kassal, JJ.