■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK SCHULZE, Appellant. [638 NYS2d 176] —Spain, J. Appeal from a judgment of the County Court of Tompkins County (Sherman, J.), rendered June 20, 1994, upon a verdict convicting defendant of the crimes of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

In March 1994, defendant was indicted on one count each of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child. The charges stem from allegations that defendant engaged in deviate sexual intercourse and sexual contact with the 10-year-old daughter of his ex-wife in October 1993 in the Town of Groton, Tompkins County. Following a jury trial, at which the victim testified, defendant was found guilty as charged. Defendant was sentenced to an indeterminate term of incarceration of 7 to 21 years on the sodomy conviction, $2^{1}/_4$ to 7 years on the sexual abuse conviction and one year on the endangering conviction, all to run concurrently. Defendant appeals.

We affirm. Initially, we note that it is well-settled law that a defendant is precluded from challenging the sufficiency o f the evidence before the Grand Jury after having been convicted at trial upon legally sufficient evidence (*see*, CPL 210.30 [6]; *People v Totman*, 208 AD2d 970; *People v Marks*, 198 AD2d 542, *lv denied* 82 NY2d 898). We therefore reject defendant's challenge to the sufficiency of the Grand Jury testimony of the

victim. Upon defendant's conviction our review of the Grand Jury proceeding is foreclosed.

Defendant's contention that he was improperly denied exculpatory evidence because the People failed to perform secretor antigen tests was never preserved by an appropriate objection before County Court (*see*, CPL 470.05; *People v Smith*, 204 AD2d 140, *lv denied* 84 NY2d 872). In any event, defendant's argument lacks merit; his claim, that the test, if performed, would have revealed evidence which would be exculpatory in nature, is purely speculative (*see*, *People v Smith*, *supra*; *People v Buxton*, 189 AD2d 996, 997, *lv denied* 81 NY2d 1011; *People v Scattareggia*, 152 AD2d 679, 679-680). Moreover, "inasmuch as no such testing was conducted, defendant cannot reasonably argue that he was denied exculpatory material" (*People v Smith*, *supra*, at 141) as "there was no exculpatory evidence to conceal" (*People v Buxton*, *supra*, at 997; *see*, *People v Yourdon*, 142 AD2d 998, *lv denied* 73 NY2d 791).

We also reject defendant's contention that County Court's preliminary instructions to the jury were erroneous. Defendant failed to preserve this issue for appellate review; moreover, his argument lacks merit. Preliminary instructions concerning the burden of proof, the presumption of innocence and witness credibility are not mandated under CPL 270.40 (*see*, *People v Giddens*, 202 AD2d 976, *lv denied* 83 NY2d 871). Even if we were to find that County Court's preliminary charge was erroneous, it would have been harmless error in light of the overwhelming evidence of defendant's guilt in this case (*see*, *People v Giddens*, *supra*, at 977).

We have carefully considered defendant's remaining contentions regarding the prosecutor's opening and closing statements and her cross-examination of defendant's alibi witness; we conclude that these claims were not preserved for appellate review and, further, that they lack merit.

Cardona, P. J., Mercure, White and Peters, JJ., concur. Ordered that the judgment is affirmed.