■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESTER I. WASHINGTON, Appellant. [645 NYS2d 622] —White, J. Appeal from a judgment of the County Court of Montgomery County (Aison, J.), rendered March 15, 1995, upon a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree.

Following three buy and bust operations conducted in the

City of Amsterdam, Montgomery County, in February and April 1993, defendant was indicted for several drug-related offenses. Due to his aberrant behavior while incarcerated in the Montgomery County Jail awaiting trial, in February 1994 defendant was transferred to the Central New York Psychiatric Center in Oneida County. At that point, County Court directed that he be examined pursuant to CPL article 730. At the ensuing competency hearing, the examining psychiatrist and psychologist testified that, while defendant suffers from schizophrenia, he was competent to stand trial which was then scheduled for August 22, 1994. On that date the District Attorney informed County Court that he had recently received a CPL 250.10 notice and that he was prepared to consent to a plea of not responsible by reason of mental disease or defect (CPL 220.15). As County Court refused to consent to such a plea, a trial ensued on September 23, 1994 which culminated in a verdict convicting defendant of the crimes of criminal sale of a controlled substance in the third degree and criminal sale of marihuana in the fourth degree for which he received, as a second felony offender, concurrent prison sentences of 12 to 24 years and one year, respectively. Defendant appeals.

His first argument is that County Court abused its discretion in summarily refusing its consent to his offer to enter a plea pursuant to CPL 220.15. We begin our consideration of this argument by noting that a trial court is not required to accept every offer of a plea merely because the defendant wishes to enter a plea and may reject a plea offer in the exercise of sound judicial discretion (*see, Santobello v New York*, 404 US 257, 262; *North Carolina v Alford*, 400 US 25, 38, n 11; *United States v Severino*, 800 F2d 42, 45, *cert denied* 479 US 1056).

Before a court can accept a CPL 220.15 plea, it must be satisfied, *inter alia*, that the affirmative defense of lack of criminal responsibility by reason of mental disease or defect would be proven by the defendant at trial by the preponderance of the evidence (CPL 220.15 [5] [b]). At the time defendant offered his plea, County Court had before it the report of Patrick Devitt, a forensic psychiatrist who examined defendant on September 1, 1994. He opined that defendant was unable to appreciate the nature and consequences of his actions in February and April 1993 because he was suffering from undifferentiated schizophrenia of a moderate to severe degree brought about by his failure to take his medications and his use of illegal drugs. While this report raises questions concerning defendant's mental status, it does not demonstrate that he would be able to establish his affirmative defense of mental disease or defect by

a preponderance of evidence at trial. Devitt's opinion is not founded upon independent objective evidence of defendant's mental state in February and April 1993, but rather is based on defendant's self-serving statements that Devitt was able "to tease out" of him when he examined him. Having failed to establish the required evidentiary basis for his plea, defendant cannot now complain that County Court abused its discretion in refusing to consent to it. In any event, defendant was not unduly prejudiced since he was allowed to present his defense to the jury which could have found him not criminally responsible by reason of mental disease or defect.

That the jury did not do so, defendant contends, is against the weight of the evidence considering Devitt's uncontradicted opinion regarding his mental state. We note that the jury was free to reject Devitt's opinion since it is within its province to resolve credibility issues and the weight to be accorded to the evidence, which determinations are accorded great weight on appeal and are not disturbed unless clearly unsupported by the record (see, People v Persaud, 188 AD2d 559, 560, lv denied 81 NY2d 845). Support for the jury's rejection of Devitt's opinion is found in defendant's testimony where he was able to recount in explicit detail the events surrounding each buy and bust operation. While he did state that he "felt kind of down" and was not taking his medications regularly, but only when he felt he needed it, he did not provide any convincing evidence that he was delusional or otherwise unable to comprehend the nature of his actions in February and April 1993. Notably, no witness described any behavior by defendant that would indicate he was legally insane during those months. In addition, as before, Devitt's opinion was infirm as it was not based upon his personal knowledge nor upon medical records generated in the spring of 1993. Accordingly, we find there is ample support in the record for the jury's determination and conclude that its verdict was not against the weight of the evidence.

Where, as here, a sentence is within the statutory parameters (see, Penal Law § 70.06 [3] [b]; [4] [b]), it will not be set aside in the absence of a showing of a clear abuse of the sentencing court's discretion or the existence of extraordinary circumstances warranting modification (see, People v Parson, 209 AD2d 882, 884, lv denied 84 NY2d 1014). Taking into account defendant's criminal history dating back to 1970 and the Probation Department's recommendation that he receive the harshest sentence allowable, there is no reason to disturb the sentence imposed by County Court.

Lastly, defendant's contentions addressed to the instructions given the jury have been unpreserved for our review (*see, People v Delage*, 210 AD2d 525, *lv denied* 85 NY2d 908).

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.