(March 12, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODIN FERNANDEZ, Appellant. [670 NYS2d 251] —Spain, J. Appeal from a judgment of the County Court of St. Lawrence County (Nicandri, J.), rendered May 5, 1997, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant was indicted in July 1996 for the crime of assault in the second degree (Penal Law § 120.05 [7]). The indictment alleged that on June 9, 1996 defendant and Edd Robinson, while inmates at Ogdensburg Correctional Facility, St. Lawrence County, with intent to cause physical injury to inmate William J. D. Kelly, did cause said injury. Defendant later pleaded guilty to attempted assault in the second degree pursuant to a plea agreement under which he was to be sentenced to an indeterminate prison term of 1½ to 3 years. Defendant subsequently withdrew that plea and the case proceeded to trial; following trial, defendant was convicted as charged. He was sentenced as a second felony offender to a determinate prison term of 5½ years, to run consecutively to his unexpired term of incarceration. Defendant appeals.

We affirm. Upon our review of the record we conclude that the jury's verdict was not against the weight of the evidence. A jury's determination is accorded great weight and will not be disturbed "unless clearly unsupported by the record" (*People v Washington*, 229 AD2d 726, 728, *lv denied* 88 NY2d 1025; *see, People v Persaud*, 188 AD2d 559, 560, *lv denied* 81 NY2d 845); furthermore, upon appellate review, the evidence must be viewed in a neutral light (*see, People v Rose [Cousins]*, 215 AD2d 875, 877, *lvs denied* 86 NY2d 793, 801; *People v Carthrens*, 171 AD2d 387, 392). Here, the prosecution called five witnesses, including the victim and two correction officers who were present at the time of the assault. Kelly testified that he

was in the bathroom at approximately 2:45 A.M. on June 9, 1996, and that he later awoke in the hospital with a bloodied face and no recollection of any intervening events. The correction officers testified that they saw defendant and Robinson repeatedly kicking Kelly in the head as he lay unconscious on the floor. Robinson testified on behalf of the defense that it was he, not defendant, that kicked Kelly after breaking up a fight between Kelly and defendant. It does not appear from the record that the jury "failed to give the evidence the weight it should be accorded" (*People v Bleakley*, 69 NY2d 490, 495). Moreover, as the jury was in the best position to assess the credibility of the witnesses, the verdict should not be disturbed (*see, id.*, at 495).

Next, we reject defendant's contention that he was denied effective assistance of counsel. Here, defendant contends that there was no possible strategic reason for counsel to fail to request a justification charge. In considering whether a defendant has been denied effective assistance of counsel, "the relevant inquiry is whether 'the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation'" (*People v McLean*, 243 AD2d 756, 758 quoting *People v Baldi*, 54 NY2d 137, 147). In our view, defendant has failed to demonstrate that his counsel had no strategic purpose for failing to request a justification charge, especially in light of Robinson's testimony that it was he and not defendant who did the kicking and the lack of testimony regarding the identity of the initial aggressor (*see, People v Garcia*, 75 NY2d 973, 974; *People v Ahl*, 243 AD2d 985, 987-988).

Finally, we find no merit in defendant's contention that County Court improperly considered his withdrawn plea in determining his sentence, and erroneously believed that defendant had admitted committing the crime. Although the court did make reference to the withdrawn plea, it appears that this was done merely to provide context and to explain to defendant why the sentence was greater than that which was offered in exchange for the withdrawn plea. The record reveals that defendant was given an opportunity to address the court at the sentencing hearing, at which time he adamantly denied committing the charged offense. In our view, the record does not support the conclusion that defendant was denied due process during his sentencing hearing (*see, People v Perry*, 36 NY2d 114, 119; *People v Contompasis*, 108 AD2d 1077, 1079).

We have reviewed defendant's remaining contention regarding County Court's *Sandoval* ruling and find it lacking in merit.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.