(June 17, 1999)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DETROY LIVINGSTON, Appellant. [693 NYS2d 641] —Spain, J. Appeals (1) from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered August 14, 1997, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree, and (2) by permission, from an order of said court, entered February 19, 1998, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.

Following a jury trial, defendant was convicted as charged of the crime of promoting prison contraband in the first degree based upon testimony of correction officers that, while defendant was confined at the Great Meadow Correctional Facility in Washington County, a hardback razorblade was discovered in an envelope containing defendant's legal papers. Defendant had been transported from Attica Correctional Facility in Wyoming County, where he had been incarcerated, to Great Meadow to facilitate a scheduled civil court appearance. On May 9, 1996, as defendant was being removed from his maximum security special housing unit cell at Great Meadow, he handed a correction officer a large envelope containing his papers in smaller envelopes which, upon inspection, revealed the razorblade within a small envelope therein. In defense, defendant testified that he had never seen the razorblade before its discovery and denied placing it in his papers. The defense strategy was that he had no opportunity to possess the razorblade and that one of the correction officers had set him up in retaliation for his pending lawsuit against correction officers stationed at Great Meadow. In support, defendant testified that prior to leaving Attica he had been strip searched and required to turn over his papers, which were returned to him upon arrival at Great Meadow when he was again searched

and placed alone in the cell. Further, when defendant was being removed from his cell at Great Meadow he again turned his papers over to a correction officer. Defendant thereafter observed another correction officer place his hands in defendant's papers; the razorblade was subsequently retrieved therein.

Defendant's motion to set aside the verdict pursuant to CPL 330.30 was denied. Defendant was then sentenced as a persistent felony offender to an indeterminate term of imprisonment of 18 years to life to be served consecutively to the sentence he was then serving. Defendant's subsequent motion to vacate the judgment of conviction pursuant to CPL 440.10 was denied as encompassing matters within the scope of defendant's direct appeal to this Court. Defendant now appeals from his judgment of conviction and sentence, and, with permission, from the denial of his CPL 440.10 motion.

We affirm in all respects. Defendant's central contention for reversal of the jury's verdict is that it was against the weight of the evidence, essentially because the circumstances of his isolated and heavily monitored confinement and strip searches at both facilities made it unlikely that he had the opportunity to obtain or possess a razorblade. "A person is guilty of promoting prison contraband in the first degree when * * * [b]eing a person confined in a detention facility, he [or she] knowingly and unlawfully makes, obtains or possesses any dangerous contraband" (Penal Law § 205.25 [2]). A razorblade clearly constitutes dangerous contraband, and defendant does not argue otherwise (see, Penal Law § 205.00 [4]; see also, People v Brye, 233 AD2d 775, lv denied 89 NY2d 1009; People v Denny, 199 AD2d 686, lv denied 83 NY2d 804; People v Rivera, 189 AD2d 920, lv denied 81 NY2d 975; People v Cheeks, 113 AD2d 974).

Upon our independent review of the evidence in a neutral light, we conclude that defendant's testimony, which directly conflicted with the testimony of the correction officers, presented a classic question of credibility for the trier of fact. Weighing the relative probative force of the conflicting testimony and the evidence and according deference to the jury's "opportunity to view the witnesses, hear the testimony and observe demeanor" (People v Bleakley, 69 NY2d 490, 495), we further conclude that the jury did not fail to give defendant's evidence the proper weight and that the verdict was supported by the weight of the evidence (see, id.; People v Fernandez, 248 AD2d 801; People v Rose, 215 AD2d 875, 877, lv denied 86 NY2d 801). Notably, the People are not required under Penal Law § 205.25 (2) to prove how an incarcerated inmate was able

to obtain or possess dangerous contraband, only that the inmate in fact knowingly and unlawfully obtained or possessed that contraband. The testimony of numerous correction officers and the videotape played to the jury showing defendant's transfer to the correction officer of the envelope containing the razorblade amply support the jury's determination (*see, People v Fernandez, supra*).

We also find defendant's contention that he did not receive effective assistance of counsel to be without merit. Specifically, defendant claims that defense counsel failed to object to alleged hearsay testimony indicating how inmates gain access to contraband and to call witnesses to testify regarding the precise search and inspection procedures employed against defendant on the day of this crime. Defendant also asserts that defense counsel failed to submit the complete videotape of his surveillance at Great Meadow to negate opportunity and to submit prior evidence of the testifying officers' prior contacts with defendant to show their motive, and failed to obtain a fingerprint analysis of the razorblade apparently to identify who set him up. However, defendant has not demonstrated that defense counsel lacked a legitimate or strategic reason for these decisions (*see, People v Garcia*, 75 NY2d 973, 974; *People v Rivera*, 71 NY2d 705, 709; *People v Fernandez, supra*, at 802). Defense counsel presented a case which extensively laid out defendant's theory that he could not have possessed the razorblade and must have been set up, a strategy pursued at all stages of the trial. Notably, defense counsel argued to the jury that the People's failure to submit the 24-hour surveillance videotape of defendant deserved the inference that it would not show defendant's gaining possession of the razorblade. Defense counsel also pursued the People's witnesses' theories as to how an inmate might come into possession of contraband and brought particular attention to the stringent security measures in an effort to demonstrate defendant's lack of opportunity. Viewing all of the circumstances of this case, we determine that defendant received a fair trial and meaningful representation, notwithstanding his claims to the contrary (*see, People v Baldi*, 54 NY2d 137, 147; *see also, People v Benevento*, 91 NY2d 708, 712-714; *People v Benn*, 68 NY2d 941, 942).

Defendant also argues that his sentence of 18 years to life, imposed consecutively to the sentence currently being served, while within permissible statutory parameters for a persistent felony offender, is unduly harsh and excessive. After careful consideration, we cannot agree. Defendant appears to argue that he was excessively punished because his possession oc-

curred inside rather than outside a correctional facility. Of course, under Penal Law § 205.25 (2), knowing possession of dangerous contraband (such as a hardback razorblade) by a person confined to a detention facility has been singled out by the Legislature as a more serious and dangerous offense than possession outside, and justifiably so (*see,* Penal Law § 205.25 [2] [class D felony]; *compare, e.g.,* Penal Law § 265.01 [class A misdemeanor, criminal possession of a weapon in the fourth degree]). Indeed, this statute has repeatedly withstood constitutional challenge (*see, People v Watson,* 162 AD2d 1015, *appeal dismissed* 77 NY2d 857; *People v Gholston,* 130 AD2d 843, *lv denied* 70 NY2d 799; *People v Rivera,* 111 AD2d 425, *lv denied* 66 NY2d 767; *People v Miller,* 106 AD2d 787; *see also, People v Epps,* 255 AD2d 840; *People v Rivera,* 221 AD2d 380, *lv denied* 87 NY2d 977; *People v Samull,* 181 AD2d 946, *lv denied* 79 NY2d 1054). Thus, there is no merit to defendant's contention of unfairness in this regard.

Further, defendant was sentenced for this conviction as a persistent felony offender for which the range of permissible sentences was a minimum of 15 years to life and a maximum of 25 years to life (*see,* Penal Law §§ 70.00, 70.10; CPL 400.20). In sentencing defendant as a persistent felony offender to 18 years to life, consecutive to his current sentence, County Court expressly considered defendant's extensive and increasingly more serious criminal history, which included murder, attempted murder and robbery, and found that defendant was a danger to society and to those incarcerated or working in prisons. County Court also considered the dangerous nature of the contraband and the passive aspect of defendant's conduct— i.e., it was a possessory offense and not part of an assault. Defendant did not contest that he was a persistent felony offender.

Upon our careful review we find no extraordinary circumstances or facts or an abuse of sentencing discretion warranting a modification of County Court's measured imposition of defendant's sentence, which is considerably less than the harshest possible, albeit a very lengthy sentence (*see, People v Dolphy,* 257 AD2d 681, 685, *lv denied* 93 NY2d 872; *People v Richard,* 229 AD2d 787, 789, *lv denied* 89 NY2d 928; *People v Porter,* 220 AD2d 884, *lv denied* 87 NY2d 1023). Further, the directive that the sentence run consecutively to the sentence defendant was serving at the time of this offense (20 years to life) for an unrelated conviction is entirely warranted, and defendant does not argue otherwise (*see, People v Brown,* 80 NY2d 361; *People v Gholston,* 130 AD2d 843, *supra; see also,* Penal Law § 70.25).

Defendant's additional contention that County Court erred in denying his *pro se* motion to set aside the verdict pursuant to CPL 330.30 (1) is meritless. This motion was premised upon the court's purported failure to move the television closer to the jury box when it replayed a videotape to the deliberating jury at its request. Prior to replaying the Great Meadow surveillance video, which had been shown to the jury during the trial and depicted defendant's transfer of papers to the correction officer, County Court consulted with both parties regarding the location of the television during the replay and no objections were raised to its location. The court also instructed the jury to make known any problems with its location, and none were voiced on the record. Defendant alleged for the first time on his CPL 330.30 motion that—outside the stenographer's presence—the jury foreperson had requested that the apparatus be moved closer, which request the court refused, and that jurors had to strain to see the video. Since defendant did not raise any objection on the record during the trial, and the alleged incident did not occur outside the presence of County Court, defendant's motion was properly denied. Further, it is unpreserved for appellate review and, in any event, is devoid of any substance (*see*, CPL 330.30 [1], [2]; *People v Padro*, 75 NY2d 820).

Finally, County Court properly denied, without a hearing, defendant's motion pursuant to CPL 440.10 to vacate his judgment of conviction. Defendant's *pro se* motion was premised upon the claim that the People failed to disclose *Rosario* (*see*, *People v Rosario*, 9 NY2d 286, *cert denied* 368 US 866) and *Brady* (*see*, *Brady v Maryland*, 373 US 83) material, consisting of an audiotape, decision documents and transcripts of defendant's Department of Correctional Services (hereinafter DOCS) disciplinary hearing arising out of the same incident as this criminal charge. However, there is no evidence that these statements and materials, generated and held by DOCS, were in the People's possession or control and thus they were not subject to disclosure under the *Rosario* rule; further, the People had no obligation to attempt to locate and gain possession of these materials from DOCS for the purpose of disclosing them to the defense (*see*, *People v Howard*, 87 NY2d 940; *see also*, *People v Kelly*, 88 NY2d 248, 251-252). Additionally, there is no indication that the evidence was favorable to defendant and material to the issue of his guilt or witness credibility so as to constitute *Brady* material. Also, County Court properly denied defendant's motion due to the pendency of this appeal (*see*, CPL 440.10 [2] [b]).

We have examined defendant's remaining contentions and find that they are without merit.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgment and order are affirmed.