■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHEM A. BAILEY, Appellant. [737 NYS2d 696] —Spain, J. Appeal from a judgment of the County Court of Washington County (Hemmett, Jr., J.), rendered September 27, 2000, upon a verdict convicting defendant of the crime of promoting prison contraband in the first degree.

Following a jury trial, defendant was convicted of the crime of promoting prison contraband in the first degree based upon uncontroverted testimony of several correction officers that on August 5, 1999, while being restrained following an altercation with another inmate, defendant pulled a razor out of his pants pocket (Penal Law § 205.25 [2]). Sentenced as a second felony offender to 2 to 4 years in prison, defendant appeals raising various claims, none of which are meritorious.

With regard to the jury's verdict, defendant argues that the conviction is not supported by legally sufficient evidence in that the People failed to prove that his admitted possession of the razor was knowing and unlawful and that the verdict is contrary to the weight of the credible evidence. Testimony of several correction officers established that, after the break up of the altercation which occurred when the inmates were walking down a tunnel to their cell block, defendant pulled the razor, which constitutes dangerous contraband (*see*, Penal Law § 205.00 [4]; *see also, People v Livingston*, 262 AD2d 786, 787, *lv denied* 94 NY2d 881), from his pants pocket. Defendant sustained, inter alia, lacerations to the back of his head, although no weapon was found on the inmate with whom defen-

dant had been fighting or after a search of the vicinity of their altercation. In addition, that inmate testified and denied ever possessing a weapon during the incident. It was the People's theory that the weapon used to injure defendant was discarded during the melee.

The defense theory was that there was only one weapon involved. Defendant testified that the incident began when the other inmate came from behind and slashed his neck, and that he had no weapon prior to the attack and only gained possession of it by disarming the attacking inmate. According to defendant, the other inmate slashed him, put the sheath on the blade, defendant knocked the weapon to the ground and then placed it in his pocket, all in the midst of the fight.

Viewing the evidence in the light most favorable to the People, we find that the People established beyond a reasonable doubt defendant's knowing and unlawful possession of dangerous contraband in violation of Penal Law § 205.25 (2) (*see, People v Bleakley*, 69 NY2d 490, 495; *People v Contes*, 60 NY2d 620, 621; *People v Livingston*, *supra* at 787). Further, based upon all the credible evidence, a different finding would have been unreasonable but, in any event, "weigh[ing] the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony" (*People v Bleakley*, *supra* at 495, quoting *People ex rel. MacCracken v Miller*, 291 NY 55, 62), we further conclude that the verdict was not contrary to the weight of the evidence.

While the inmates' accounts were contradictory, defendant himself admitted possessing the razor and the jury was well within its discretion in rejecting as unbelievable his explanatory account that, in the midst of an ongoing fight, the other inmate covered the razor with the sheath and, after disarming the inmate, defendant placed the weapon in his pocket. Moreover, the People were not required to prove *how* defendant came into possession of the contraband (*see, People v Livingston*, *supra* at 787). Defendant does not challenge County Court's denial of a justification charge (*see*, Penal Law § 35.05; *see also, People v Sims*, 242 AD2d 758, 759, *lv denied* 91 NY2d 930; *People v Diaz*, 145 AD2d 833, 833-834, *lv denied* 73 NY2d 1014) and defendant did not request a charge on temporary lawful possession (*see, People v Legree*, 176 AD2d 983, *lv denied* 80 NY2d 834).

Next, defendant's contention with respect to the prosecutor's reference during summation to a second weapon which was never recovered is unpreserved because no objection was raised at trial (*see,* CPL 470.05 [2]; *People v Keller*, 238 AD2d 758).

Were we to review the issue in the interest of justice, we would find that the comments were consistent with the People's theory, fairly inferable from the evidence presented at trial and did not deprive defendant of a fair trial (*see, People v Keller, supra* at 758; *cf. People v Ashwal*, 39 NY2d 105).

Finally, defendant's claim addressed to the People's failure to conduct DNA tests of the substance on the sheath—presumed by him to be his blood—in order to produce exculpatory evidence, was not preserved by appropriate requests or objections before County Court (*see, People v Schulze*, 224 AD2d 729, 730, *lv denied* 88 NY2d 853). In any event, defendant's contention lacks merit as he does not claim lack of awareness of the existence of or access to the sheath and razor, and his claim that the test if performed would have revealed exculpatory evidence is purely speculative (*see, id.* at 730; *see also, People v Smith*, 204 AD2d 140, 140-141, *lv denied* 84 NY2d 872; *People v Buxton*, 189 AD2d 996, 997, *lv denied* 81 NY2d 1011). There was no evidence that the substance on the sheath was blood, the People were not required to establish the presence of blood (or its source) for this possessory offense and, inasmuch as no such tests were conducted, there was no exculpatory evidence to conceal (*see, People v Schulze, supra* at 730; *People v Smith, supra* at 141; *People v Buxton, supra* at 997).

Mercure, J.P., Crew III, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.