*1301 Appeal from a judgment of the Supreme Court, Monroe County (Dennis M. Kehoe, A.J.), rendered April 11, 2006. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree, burglary in the second degree (two counts) and attempted robbery in the third degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: In this pro se appeal from a judgment convicting him following a jury trial of one count each of robbery in the second degree (Penal Law § 160.10 [2] [b]) and attempted robbery in the third degree (§§ 110.00, 160.05) and two counts of burglary in the second degree (§ 140.25 [1] [d]; [2]), defendant contends that he was denied his right to proceed pro se and his right to a preliminary hearing. We reject those contentions.
Before the date of the scheduled preliminary hearing, defendant’s assigned counsel entered into a verbal agreement with the prosecutor in which defense counsel waived defendant’s rights pursuant to CPL 30.30 and 180.80. On the date of the preliminary hearing, defendant objected to that waiver and indicated that he wished to proceed pro se because he disagreed with defense counsel’s decision to waive those statutory rights. The People requested an adjournment because they had relied upon defense counsel’s waiver and thus were not prepared to proceed with the hearing. Defendant initially objected to the adjournment but, when City Court indicated that it would resolve defendant’s request to proceed pro se on the adjourned date, defendant stated, “Okay.”
Defendant contends that City Court erred in failing to address his request to proceed pro se when it was first made. Even assuming, arguendo, that defendant did not waive that contention by consenting to the adjournment (cf. People v Meierdiercks, 68 NY2d 613, 614 [1986]; People v Francis, 189 AD2d 822 [1993], lv denied 81 NY2d 839, 885 [1993]), we conclude that *1302 the contention lacks merit inasmuch as “[t]he request was made in the context of a claim of dissatisfaction with [defense] counsel and was not unequivocal” (People v Scivolette, 40 AD3d 887, 887 [2007]). We further conclude that, because the only ground advanced by defendant for dissatisfaction with defense counsel was based on his trial tactics, City Court properly declined to inquire further into defendant’s complaints (see generally People v Schojan, 272 AD2d 932, 933 [2000], lv denied 95 NY2d 871 [2000]; People v Donovan, 248 AD2d 895, 895-896 [1998], lv denied 92 NY2d 851 [1998]).
Defendant further contends that City Court erred in granting the People a four-day adjournment before conducting the preliminary hearing. We note that “[t]here is no constitutional or statutory right to a preliminary hearing . . . , nor is it a jurisdictional predicate to indictment” (People v Bensching, 117 AD2d 971, 971 [1986], lv denied 67 NY2d 939 [1986]). In any event, “[t]he People are entitled to rely on [defense] counsel’s apparent authority to act on defendant’s behalf’ and to delay their case based on defense counsel’s purported waiver (People v Garcia, 33 AD3d 1050, 1052 [2006], lv denied 9 NY3d 844 [2007]; see People v Osorio, 297 AD2d 231, 232 [2002]).
Also contrary to the contention of defendant, he was not denied his right to testify before the grand jury when the People obtained the indictment during the four-day adjournment. Defendant moved pro se to dismiss the indictment on the ground that he was not provided with notice of the grand jury presentation, and Supreme Court (Joseph D. Valentino, J.) granted the motion on the condition that defendant would testify when the case was presented to a second grand jury. Contrary to defendant’s contention, the court properly granted the motion of the People for leave to reargue their opposition to defendant’s motion inasmuch as there is no authority for a conditional dismissal of the indictment (see CPL 190.50 [5] [c]; People v Massard, 139 AD2d 927 [1988]; Matter of Borrello v Balbach, 112 AD2d 1051, 1052-1053 [1985]). Upon reargument, the court ordered a hearing and thereafter properly denied defendant’s motion. The evidence presented at the hearing established that defendant received notice of the time and place of the grand jury presentation (see CPL 190.50 [5] [b]; People v Helm, 51 NY2d 853, 854 [1980]). The fact “[tjhat defendant chose to decline the offer [to testify] does not negate the opportunity afforded him” (People v Phillips, 88 AD2d 672, 673 [1982]).
Defendant failed to preserve for our review his contention that count one of the indictment is duplicitous (see People v Bayne, 186 AD2d 419, 420 [1992], affd 82 NY2d 673 [1993]; *1303 People v Spagnualo, 5 AD3d 995, 997 [2004], lv denied 2 NY3d 807 [2004]; People v Parker, 2 AD3d 1282 [2003], lIv denied 2 NY3d 744 [2004]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence (see People v Gray, 86 NY2d 10, 19 [1995]). Contrary to defendant’s further contention, the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant contends that Supreme Court (Dennis M. Kehoe, A.J.) erred in admitting in evidence the clothing worn by one of the victims during the incident, which was purportedly stained with defendant’s blood. To the extent that defendant contends that the admission of such evidence constituted a Brady violation, that contention is not preserved for our review inasmuch as defendant failed to object on that ground at trial (see People v Thomas, 8 AD3d 303 [2004], lv denied 3 NY3d 682 [2004]; People v Anderson, 274 AD2d 974 [2000], lv denied 95 NY2d 863 [2000]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant contends that the clothing should not have been admitted in evidence because it had not been tested for DNA, we reject that contention. “[Defendant's claim that DNA testing, if performed, would have proved to be exculpatory in nature is purely speculative and, inasmuch as no such testing was conducted, defendant cannot reasonably argue that he was denied exculpatory material” (People v Smith, 204 AD2d 140, 141 [1994], lv denied 84 NY2d 872 [1994]; see People v Bailey, 291 AD2d 667, 669 [2002]). Furthermore, because identification was not at issue, we conclude that defendant was not denied a fair trial based on the failure to perform DNA testing (see generally People v Jardín, 88 NY2d 956, 958 [1996]).
The further contention of defendant that the court erred in admitting the clothing in evidence based on purported deficiencies in the chain of custody also lacks merit. “Where, as here, the circumstances provide reasonable assurances of the identity and unchanged condition of the evidence, any deficiencies in the chain of custody go to the weight of the evidence and not its admissibility” (People v Howard, 2 AD3d 1323, 1323-1324 [2003], lv denied 2 NY3d 800 [2004] [internal quotation marks omitted]; see People v Watkins, 17 AD3d 1083, 1084 [2005], lv denied 5 NY3d 771 [2005]). We further conclude that the clothing was properly admitted in evidence because its probative *1304 value was not “substantially outweighed by the potential for prejudice” (People v Mateo, 2 NY3d 383, 425 [2004], cert denied 542 US 946 [2004]; see People v Buskey, 13 AD3d 1058 [2004]).
Contrary to the contentions of defendant, the court properly denied his request for a charge on the defense of justification (see People v Reynoso, 73 NY2d 816, 818 [1988]; People v Hall, 48 AD3d 1032, 1033 [2008], lv denied 11 NY3d 789 [2008]), as well as his request to have the prosecutor removed from the case (see People v Keeton, 74 NY2d 903, 904 [1989]; see generally Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]). In addition, we conclude that the People established defendant’s status as a persistent violent felony offender by presenting admissible evidence at a hearing pursuant to CPL 400.16 (see generally CPL 60.60; CPLR 4540 [c]). We reject the further contentions of defendant that the persistent violent felony offender statutes are unconstitutional (see People v Leon, 10 NY3d 122, 126 [2008], cert denied 554 US —, 128 S Ct 2976 [2008]), and that CPLR 5525 (c) is unconstitutional as applied to him. Contrary to defendant’s final contention, the procedure for correcting transcripts pursuant to CPLR 5525 (c) complies with the requirements of due process (see Burrell v Swartz, 558 F Supp 91, 92 [1983]; see also Curro v Watson, 884 F Supp 708, 718 [1995], affd for reasons stated 100 F3d 942 [1996]). Present— Hurlbutt, J.P., Smith, Green, Pine and Gorski, JJ.