Appeal from a judgment of the Wyoming County Court (Michael F. Griffith, J.), rendered December 16, 2008. The judgment convicted defendant, upon a jury verdict, of promoting prison contraband in the first degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of promoting prison contraband in the first degree (Penal Law § 205.25 [2]). Contrary to the contention of defendant, County Court did not err in refusing to suppress his statement to a police investigator. The testimony of defendant at the suppression hearing that the statement was coerced by correction officers and thus was not voluntary presented a credibility issue that the suppression court was entitled *783 to resolve against defendant (see People v Collins, 302 AD2d 958 [2003], lv denied 99 NY2d 653 [2003]). Here, “[t]he testimony of the [investigator] . . . supports the court’s determination that defendant’s statement ] [was] preceded by Miranda warnings and voluntarily made by defendant, without any promises, threats, or coercion on the part of [the correction officers]” (People v Pennick, 2 AD3d 1427, 1428 [2003], lv denied 1 NY3d 632 [2004]).
Contrary to defendant’s further contention, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see People v Livingston, 262 AD2d 786, 787-788 [1999], lv denied 94 NY2d 881 [2000]; see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Defendant preserved for our review his contention that he was denied a fair trial based on prosecutorial misconduct on summation only with respect to two of the prosecutor’s comments (see CPL 470.05 [2]). In any event, that contention is without merit inasmuch as all of the prosecutor’s allegedly improper comments were either a fair response to defense counsel’s summation or fair comment on the evidence (see People v Anderson, 52 AD3d 1320, 1321 [2008], lv denied 11 NY3d 733 [2008]). Present—Centra, J.P., Fahey, Garni, Green and Pine, JJ.